**Burton Fonner, Appellee, v. Nicholas Stamatakos et al., Appellants.**

## Gen. No. 14,973.

1. CONTRIBUTORY NEGLIGENCE—*when minor not guilty of.* While the actions of a minor in one of mature years might be held as amounting to contributory negligence, yet it may not be so held with respect to such minor, the question being one for the jury to determine.

2. INSTRUCTIONS—*when refusal of correct will not reverse.* However correct the principles of law stated in instructions refused may have been, a reversal will not be awarded if the merits were not affected by the refusal of such instructions.

3. NEW TRIAL—*when newly discovered evidence does not justify.* Newly discovered evidence will not justify the granting of a new trial if it is cumulative in character and if it does not appear that due diligence prior to the trial was exercised with respect to obtaining it.

Action in case for personal injuries. Appeal from the Superior

Court of Cook county; the Hon. BEN M. SMITH, Judge, presiding. Heard in this court at the October term, 1908. Affirmed. Opinion filed March 1, 1910.

E. W. AUSTIN, for appellants.

MORSE IVES and H. E. WYNEKOOP, for appellee.

MR. PRESIDING JUSTICE HOLDOM delivered the opinion of the court.

Burton Fonner when about ten years of age and on the 8th day of May, 1906, was injured by coming in contact with a team of horses drawing a wagon driven by an employe of defendants. On the assumption that the accident to this boy occurred through the negligence of defendants' driver, this action was brought by his next friend to recover compensatory damages. A trial before the court and a jury resulted in a verdict in favor of plaintiff for $800 and a judgment thereon less a *remittitur* of $300, and defendants have brought the record to this court on appeal, seeking our review and asking a reversal. A motion to instruction a verdict in favor of defendants was made at the close of plaintiff's proofs and renewed at the close of all the proofs, and each motion was denied and exceptions taken. A motion for a new trial was made and overruled, after *remittitur*. After judgment defendants, within the term, made another motion for a new trial on the ground of newly discovered evidence supported by several affidavits. This motion was also denied and exceptions to both rulings preserved.

While defendants have made twenty-four assignments of error upon the record, they restrict their argument thereon to the following:

"1st.    The refusal of the court to direct the jury to return a verdict for the defendants.

2nd.    The refusal of the court to give the instruc-

tions of the defendants, being Nos. 191, 195, 196 and 198 of the defendants' requests.

3rd.   The refusal of the court to set aside the verdict and grant a new trial.''

Errors not argued are waived. We shall therefore confine our decision within the compass of the foregoing recitals.

First. Whether the court should, at either time when so moved by defendants, have instructed a verdict in their favor, depends upon the condition of the evidence in the record at the several times the motions were made. That the horses drawing the wagon were proceeding to the east on Walnut street, Chicago, toward Lincoln street, and that plaintiff was going in an opposite direction on a bicycle much too large for him at the time the accident happened, are facts patent from every viewpoint of the proofs. At the close of plaintiff's proofs the collision and resulting injury had been substantially proven as alleged in the declaration. If the jury believed such testimony, plaintiff was entitled to a verdict. From such testimony reasonable minds could not be said to agree that the accident did not result from the negligence of defendants' driver, so as to present a question of law for the court and not of fact for the jury. Consequently, the determination of the fact deducible from such evidence was for the jury. When such motion was again made at the close of all the proofs, it still remained for the jury to say whether the preponderance of evidence was with the plaintiff, or, failing of such preponderance, defendants were entitled to a verdict in their favor. It is not for the trial judge to determine on which side the evidence preponderates where there is a sharp conflict in the evidence, such as clearly appears in this record. Where the weight of the evidence rests for solution upon the credibility of the witnesses, their intelligence or lack of it, as the case may be, bias or prejudice, if any appears, interest or lack of it, if such also may be gathered from the proofs, opportunity of know-

ing about the matters testified to, where such is manifest from the appearance and testimony of the several witnesses, then a case is made requiring the court to submit it to the jury. The trial judge had no alternative but to decline to instruct the jury to return the verdict asked. The testimony is far from satisfactory, but it is not for this court to register its judgment in opposition to the finding of the jury unless it can say that the verdict is manifestly against the weight of the evidence. The verdict of a jury in a case of sharp conflict in the evidence of the witnesses, such as the one before us, must of necessity rest largely upon the impression the several witnesses make upon the minds of the jurors by their appearance upon the witness stand, their intelligence and honesty of purpose and opportunity of knowing about the matters concerning which they give their testimony. This personal equation is denied us, and we cannot say from the record that the verdict of the jury is not supported by a preponderance of the proof. In this case some of the witnesses were summoned by both sides. Some of them made contradictory statements and one immature lad confessed to having said, for the purpose of ending an interview with one of the attorneys who approached him on the matter, "any old thing" that came into his head. Notwithstanding this admission, the jury may have believed, as they probably did, that this lad did not tell the truth on the trial. Then again the driver, while testifying in chief that he was driving on the right hand or south side of Walnut street, admitted on cross-examination that he was driving in the middle of the street. This contradiction may have weakened the force of his whole evidence in the minds of the jury. Whatever the relative positions of the parties may have been in the street at and immediately preceding the accident, is of little consequence, the ultimate question for the jury to decide being whether the accident resulted from the negligence of the driver and whether such negligence was the proximate cause of the injuries

suffered by plaintiff. While the actions of plaintiff in one of mature years might be held lacking in due care, it may not be so held in a boy of the tender years of plaintiff. The jury may, as we think they evidently did, have believed that defendants' driver observed plaintiff when he was 75 or 80 feet away from his team and in ample time to have avoided the accident in the exercise of due care, and that the proximate cause of the accident was the negligence of the driver in not so doing. The case of Star Brewery Co. v. Hauck, Admr., 222 Ill. 348, was similar to the one now under consideration, in that the deceased was a boy of about the same age as plaintiff; and the Supreme Court said in affirming 126 Ill. App. 608, sustaining a judgment against the defendant, "that even though a person's own negligence exposed him to risk, if the proximate cause of his injury was the result of the defendant's failing to use ordinary care to avoid injuring him after becoming aware of his danger, the defendant would be liable."

Second. An examination of all the instructions given to the jury impresses us as having fairly and sufficiently informed them upon every material principle of law applicable to the proofs, and that however correct the principles of law stated in the instructions refused may have been, the merits of the defense were not affected by their refusal.

Third. There was no valid reason suggested in the motion or appearing from the affidavits submitted why, after judgment, defendants should have been awarded a new trial. The evidence disclosed was cumulative in its character and, with the exercise of due diligence, could have been as readily obtained within the two years between the happening of the accident and the time of the trial as it was within a few days after the judgment was finally entered.

There is no reversible error in this record; consequently the judgment of the Superior Court is affirmed.

*Affirmed.*