## LEE v. THE TOWN OF CRESCO.

1. **Evidence**: LIFE INSURANCE: DAMAGES. In an action for damages for personal injuries, evidence showing that a short time before the injury complained of the plaintiff effected an insurance on his life is not competent to establish his previous good health.

3. ——: SUPPRESSION OF FACT. An intentional suppression by a witness of facts pertinent to the case may be considered by the jury as a fact affecting his credibility.

### *Appeal from Howard Circuit Court.*

### SATURDAY, DECEMBER 15.

ACTION at law to recover for personal injuries sustained by plaintiff from a fall caused by a defective sidewalk of a street, which, plaintiff claims, was negligently permitted to be in an unsafe condition. There was a verdict and judgment for plaintiff. Defendant appeals. The facts of the case so far as they are involved in the questions passed upon by this court appear in the opinion.

*H. C. McCarty* and *Stoneman & Chapin*, for appellant.

*C. F. Breckinridge* and *H. T. Reed*, for appellee.

BECK, J.—I. The plaintiff introduced evidence tending to show that he sustained an injury to his person, from a fall

<div style="margin-left:2em;">1. EVIDENCE: life insurance: damages.</div>

caused by a defective sidewalk, maintained with the knowledge of defendant, while he was in the exercise of due care. It was claimed that the injury was severe and so affected plaintiff's health that he had not, since it was suffered, been in a condition to perform ordinary labor or engage in ordinary pursuits before followed by him. The defendant claimed that the disability from which plaintiff was suffering was not the result of the accident but was caused by a prior injury or bad health originating from causes existing before his fall, and testimony tending to prove this defense was introduced in evidence. There was considerable conflicting testimony upon this point. The plaintiff and other wit-

nesses. testified that he was, before the injury, in ordinarily
good health, and witnesses for defendant stated that before the
accident he claimed to be in bad health and unable to engage
in the pursuits requiring the exercise of strength possessed by
men generally. As applicable to this branch of the case the
plaintiff was permitted to testify, against defendant's objection,
that within four years prior to the trial, and before the injury
for which suit is brought, he had effected an insurance upon
his life. The testimony was clearly incompetent. While it is
true that, as a general thing, only men of good health are
insured by policies on their lives, and that examinations are
made of the applicants for life insurance, to determine their
conditions as to health, there is no principle of evidence which
will authorize a court to permit the fact of insurance to be ad-
mitted as competent testimony of the good health of the
insured in an action of this character. The proposition is too
plain to admit of argument.

II. The defendant requested the court to give to the jury
an instruction in the following language: "If you find that
2. ——: ——: the plaintiff, in giving his testimony, intentionally
<span style="font-size:smaller">suppression<br>of fact.</span> omitted to give a full and fair statement of ante-
cedent injuries which had affected his general physical health,
then you may regard such omission as a circumstance affecting
his credibility as a witness." The correctness of the rule here
presented cannot be questioned. The intentional suppression
of facts pertinent to the case would be regarded by the law in
the same light as the false statement of facts of like bearing.
Plaintiff's credibility would be affected in the same manner by
false testimony of each class.

No instruction given by the court presents the rule embraced
in the one refused. An instruction given correctly states that
the credibility of the witness would be impaired by his false
testimony as to material matters in issue in the suit. But the
instruction does not cover the suppression or omission of such
matters by the witness. The court below erred in not giving
the instruction in question.

III. Numerous other questions involving rulings of the
court upon the admission of testimony, instructions to the jury

and a motion for a new trial, are raised by the argument of counsel. We find no ground for holding any of these rulings erroneous. With the exception of the errors above pointed out, we think the cause was fairly submitted to the jury. There is no ground for holding the verdict to be so unsupported by the testimony as to require our interference.

For the errors above pointed out the judgment of the Circuit Court is

REVERSED.