## THE STAR BREWERY COMPANY
### *v.*
### JOSEPHINE HAUCK, Admx.

*Opinion filed October 23, 1906.*

1. NEGLIGENCE—*jury may consider age in determining question of contributory negligence.* In determining whether plaintiff's intestate, a boy ten years old, was guilty of contributory negligence in failing to hear and get out of the way of the wagon which ran over and killed him, the jury may consider his age, intelligence, experience and ability to comprehend danger and take care of himself, and it is proper to deny a motion to direct a verdict for the defendant based on the ground that such failure was contributory negligence as a matter of law.

2. SAME—*when a speed ordinance is properly admitted in evidence.* An ordinance regulating the speed for driving animals in the streets and prohibiting heedless driving such as should cause a collision with another animal, vehicle or person is properly admitted in an action for the death of a boy killed by a beer wagon, where the declaration charges careless and negligent driving and there is evidence tending to sustain the charge.

3. SAME—*effect where the deceased was playing "tag" in street.* In order that a recovery for the death of a boy killed by a wagon while playing "tag" in the street shall be barred, as within the prohibition of an ordinance forbidding the engaging in sports or games in the street having a tendency to frighten horses or interfere with teams and vehicles, it must appear that the alleged violation of such ordinance was the proximate and efficient cause of the injury.

4. SAME—*master's liability for a servant's negligence does not depend on servant's liability to master.* The liability of the master to third persons for injuries inflicted by the negligence of his servant acting within the line of his duty and in obedience to the master's authority is independent of any liability of the servant to the master.

5. EXPERT TESTIMONY—*what is not a subject for experts.* Expert testimony is not admissible to prove that a team and a heavy wagon loaded with barrels of beer, to which the team was attached, would make such a noise on a paved street that it could have been heard by plaintiff's intestate had he been standing still, since the fact that such team and wagon would make a noise is a matter of common knowledge and not a subject for experts.

6. INSTRUCTIONS—*when modification of instruction is not prejudicial error.* Modifying an instruction stating that brewery corporations are entitled to the same fair treatment as individuals would be under like circumstances, by striking out the portion of the instruction which particularized "brewery corporations" and making it read "the defendant corporation," is not prejudicial error.

APPEAL from the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of St. Clair county; the Hon. CHARLES T. MOORE, Judge, presiding.

L. D. TURNER, for appellant.

WISE & McNULTY, and WILLIAM P. LAUNTZ, for appellee.

Mr. JUSTICE FARMER delivered the opinion of the court:

This is an appeal from a judgment of the Appellate Court affirming a judgment of the circuit court for $2500 against appellant for negligently causing the death of appellee's intestate, a boy ten years and ten months old.

The deceased boy, while engaged in playing a game of "tag" in one of the public streets of East St. Louis with other boys, was driven upon and run over by a team hitched to one of appellant's loaded brewery wagons and thereby killed. The team was in charge of and driven by appellant's servant. The evidence as to the circumstances of the boy's being run over was conflicting. Appellee's evidence tended to show that the boy was standing in the street a few feet from the sidewalk, with his face turned in the opposite direction from which the wagon was approaching, but that he was in plain view of the driver for a distance of eighty-five feet if the driver had been observing where he was driving. Appellant's evidence tended to show that the boy suddenly and unexpectedly ran in front of and against the horses, and was thereby knocked down and run over.

At the conclusion of plaintiff's evidence, and again at the conclusion of all the evidence, appellant moved the court to direct a verdict in its favor, and the rulings of the court in denying these motions are assigned as error. To justify a reversal on those grounds would require us to hold that there is no evidence in the record fairly tending to support the plaintiff's cause of action. This cannot be said of the evidence in this record. The trial court properly submitted to the jury to determine the question of the weight and credibility of the testimony, and their verdict having been approved by the judgment of the circuit court and that judgment having been affirmed by the Appellate Court, we can not weigh the testimony, but can only examine and determine whether there was any evidence fairly tending to prove the plaintiff's case.

It is contended by appellant that the deceased boy could have easily seen and heard the approaching wagon if he had been exercising reasonable and ordinary care, and that his negligent conduct caused or contributed to his death, and brings the case within the rule where negligence is held to become a question of law. It was held in *Chicago West Division Railway Co.* v. *Ryan,* 131 Ill. 474, that even though a person's own negligence exposed him to risk, if the proximate cause of his injury was the result of the defendant's failing to use ordinary care to avoid injuring him after becoming aware of his danger, the defendant would be liable. It was also held in that case that it was not necessary to a recovery that the defendant should have actually known of the danger to which the injured party was exposed, but that he would be liable if he has "sufficient notice or belief to put a prudent man on the alert, and he does not take such precautions as a prudent man would take under similar notice or belief." (See, also, *Lake Shore and Michigan Southern Railway Co.* v. *Bodemer,* 139 Ill. 596.) In determining the question whether deceased was guilty of contributory negligence it was proper for the jury to take into consideration

his age, intelligence, experience, and ability to understand and comprehend danger and to care for himself. *Illinois Iron and Metal Co.* v. *Weber,* 196 Ill. 526.

We think the court properly denied appellant's motion to direct a verdict in its favor.

Three counts of the declaration set up the following ordinance of the city of East St. Louis:

"496. No person shall ride or drive any horse, mule or other animal in or through any street or avenue or alley of the city of East St. Louis with greater speed than at the rate of six miles an hour, nor shall, in turning the corner of any street, avenue or alley in the city, ride or drive any such animal with greater speed than at the rate of four miles an hour, nor shall willfully or heedlessly ride or drive any such animal so that the same, or any vehicle attached thereto, shall come into collision with any other animal or vehicle, or strike against any person, under a penalty, in each and every case, of not less than $5 nor more than $100."

One of the counts charges that the team was driven at a high rate of speed in excess of that allowed by the ordinance; another one, that appellant, by its servant, willfully and heedlessly drove said wagon and team of horses in a willful and heedless manner; and another, that defendant, by its servant, carelessly and negligently drove said team and wagon in a careless and negligent manner. The court permitted appellee to introduce the ordinance in evidence over the objections of appellant, and afterwards refused to exclude it from the consideration of the jury upon appellant's motion, and it is here urged that there was no testimony that appellant's servant violated the ordinance, and that the court erred in allowing it to go to the jury. A number of witnesses testified on this subject for plaintiff below, some of whom said the team was being driven in a lope, some said a gallop, others a fast trot, and others a pretty fast trot. There was also evidence tending to show that when some distance from where deceased was run over, and while in plain view

of the place and all the surroundings, the driver applied a whip or the lines to his team, causing them to travel at an increased rate of speed. The driver himself testified he was going at about six miles an hour, which was the maximum speed allowed by the ordinance. But this ordinance did not apply solely to the speed at which a team might be driven; it also provided that no person should "willfully or heedlessly ride or drive any such animal so that the same, or any vehicle attached thereto, shall come into collision with any other animal or vehicle, or strike against any person." One of the counts based upon this ordinance charged that the team was driven by defendant's servant in a willful and heedless manner, so that it struck the deceased, throwing him to the ground and running over him, and thereby causing his death. There was evidence tending to sustain this count; and even if there had been no evidence tending to prove that the team was driven at a rate of speed in excess of that allowed by the ordinance, the court properly admitted the ordinance in evidence and properly refused to exclude it.

It is next urged that deceased was playing in the street in violation of an ordinance forbidding persons to engage in games, sports or amusements in the streets or upon the sidewalks which would have a tendency to frighten horses or interfere with teams, vehicles or persons passing along the streets or sidewalks. We do not think sport of the character deceased and his little playmates were engaged in, as shown by the evidence, was within the prohibition of this ordinance. It is also to be borne in mind that appellee's evidence tended to show that at the time deceased was struck and run over he was not running or walking, but standing still. Even if deceased had been engaged in the violation of an ordinance, to bar a recovery on that ground it must appear that such violation of the ordinance was the proximate and efficient cause of the injury. *Lake Shore and Michigan Southern Railway Co.* v. *Parker,* 131 Ill. 557; *Pennsylvania Co.* v. *Frana,* 112 id. 398; Beach on Contrib. Negligence, sec. 45.

The team appellant's servant was driving weighed about 2700 or 2800 pounds, the wagon weighed about 2000 pounds and was loaded with ten or twelve half barrels of beer, weighing 200 pounds each. The street he was driving along was paved with brick, and appellant offered to prove by expert testimony that the wagon and team traveling over the paved street would have made such a noise that if deceased had been standing still he would have heard it. The refusal of the court to allow this proof to be made is complained of by appellant as erroneous. The offered evidence was not within the realm of expert testimony. That a wagon and team passing along a street under the circumstances mentioned would make a noise is a matter of common knowledge. Expert evidence is only admissible to prove matters not within the common knowledge of ordinary persons.

While errors are assigned by appellant upon the refusal of the court to give a number of instructions, in its argument it discusses only the refusal to give instruction No. 7 and the modification of No. 13. Instruction No. 7 told the jury that unless the evidence showed the negligence of appellant's driver was such as would permit appellant to recover from him for injuries caused by his negligence their verdict should be for defendant. We know of no authority to sustain this instruction. Whether the servant could be held liable to the master would depend upon whether he was acting in accordance with his master's instructions. If in driving at a rate of speed in excess of that allowed by the ordinance or in utter disregard of the safety of persons on the street he was obeying the master's directions he could not be held liable to the master. If the rule of law is as stated in the proposed instruction, it would have required determining the question of whether the driver was liable to appellant, and this would involve the determination of an issue between different parties from those to the suit on trial. The law makes the master liable to third persons for the negligent conduct of the servant while acting within the line of his duty and in

obedience to the master's authority, and this is independent of whether there is any liability of the servant to the master. The instruction was properly refused.

Appellant offered the following instruction:

13. "The jury are instructed that it is their duty to consider this case in all its bearings, the same as they would a case between two private citizens, instead of a case in which the defendant is a brewery company. Brewery corporations are entitled to the same fair and unprejudiced treatment in courts of law as individuals would be under like circumstances. In considering and deciding this case the jury should look solely to the evidence for the facts and to the instructions of the court for the law of the case and find their verdict accordingly, without any reference as to who is plaintiff or who is defendant."

The court struck out the portions of the instruction particularizing a brewery company and gave the instruction as modified, which reads as follows: "The jury are instructed that it is their duty to consider this case in all its bearings, the same as they would a case between two private citizens. The defendant corporation is entitled to the same fair and unprejudiced treatment in courts of law as an individual would be under like circumstances. In considering and deciding this case the jury should look solely to the evidence for the facts and to the instructions of the court for the law of the case and find their verdict accordingly, without any reference as to who is plaintiff or who is defendant." No prejudice could have resulted to appellant from the court's action in modifying the instruction. It had the full benefit of the proposition of law contained in the instruction as asked, and could not have been prejudiced by the modification.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*