## George W. Chandler, Appellee, v. Charles Gifford, Appellant.

1. AUTOMOBILES AND GARAGES—*negligence in driving on left side of highway as question for jury.* In this State it is not negligence *per se* to drive an automobile on the left side of a highway, and whether in a particular case it is negligence to so drive is a question of fact for the jury.

2. NEGLIGENCE—*what required of person placed suddenly in peril.* While one placed suddenly in peril will not be required to exercise the same amount of care as is required of a person who has ample opportunity for full exercise of his judgment and reasoning faculties, the same degree of care, i. e., reasonable care, is required.

3. AUTOMOBILES AND GARAGES—*what not authorized by statute requiring dimming or extinguishing of headlights on meeting vehicle.* The provision in the Motor Vehicle Act (Cahill's Ill. St. ch. 95a, ¶ 17), that a person in charge of a motor vehicle equipped with electric headlights shall dim or extinguish them on meeting another vehicle, will not authorize the driver of an automobile to extinguish all his lights at a considerable distance from an approaching car and then proceed at full speed in the dark.

4. AUTOMOBILES AND GARAGES—*what Motor Vehicle Act requires as to lights.* The provisions of the Motor Vehicle Act that every motor vehicle, when upon a highway at night, must carry two white lights visible at least 200 feet and that a vehicle having electric headlights must dim or extinguish them when within 250 feet of a vehicle approaching from the opposite direction, must be construed together, and, after the extinguishment of its headlights, a car can only proceed upon its way when it has two other lights visible at least 200 feet.

5. DAMAGES—*when instruction in personal injury case is erroneous.* An instruction upon the question of damages in a personal injury case, which does not confine the jury to such damages as are claimed in the declaration and shown by the evidence to be the proximate result of the negligence of defendant, is erroneous.

Appeal from the Circuit Court of Macon county; the Hon. WILLIAM K. WHITFIELD, Judge, presiding. Heard in this court at the April term, 1921. Reversed and remanded. Opinion filed January 4, 1922.

LAWRENCE C. WHEAT and WHITLEY & FITZGERALD, for appellant.

SEARCY & SEARCY and JOHN W. EVANS, for appellee.

MR. JUSTICE HEARD delivered the opinion of the court.

Appellee brought suit against appellant to recover damages growing out of an automobile collision. A trial resulted in a judgment for $401 in favor of appellee against appellant, from which judgment this appeal has been taken.

The collision occurred upon a public highway, near Mt. Zion, about midnight, September 13, 1919. Appellee was driving his automobile west and appellant was driving his machine east. There is evidence tending to show that appellant's machine was to the left of the center of the highway at the time of the accident.

The evidence in the case is very conflicting. There was evidence tending to show that appellant was guilty of negligence which caused the accident while appellant claimed that the accident was caused by appellee running his automobile at a rate of 10 or 15 miles per hour without showing any lights upon his car as required by law, and there was some evidence tending to sustain appellant's contention.

At the request of appellee the court gave to the jury the following instructions:

"2.  The court instructs the jury, that as a matter of law, the plaintiff and defendant both had the right to use the public highway in question. The law, however, gave to the plaintiff Chandler the right to use the public highway upon the north side thereof, as he was proceeding to the west, and if you find from the evidence that the defendant Gifford was driving his car upon the north side of the highway, while traveling eastward, this fact, if it appears in the evidence, would constitute a violation of the Statute regulating the right to use the public highway, and if you believe from the preponderance of the evidence that the injury in question occurred at a time and place when the plaintiff Chandler was in the exercise of due care and caution for his own safety, and as the result of the

defendant driving his car upon the wrong side of the
public highway, if the proof shows he was driving it on
the wrong side of the public highway, then, in that
event of the proof, you should find the issues for the
plaintiff.''

"9.   The court instructs the jury, that if they be-
lieve from the evidence, that the plaintiff was driving
west on the north side of the public highway, and
properly dimmed his lights on seeing the approaching
car of defendant, and which latter car then collided
with plaintiff's car while same was on such north side,
such collision raises a presumption of negligence on
the part of the defendant, and unless such negligence
is lawfully explained the defendant is liable for the
damages, provided you believe from the evidence that
the plaintiff was in the exercise of due care and cau-
tion for his own safety.''

By these instructions the jury were told that it was
a violation of the statute and negligence as a matter of
law to drive an automobile on the north side of the
highway going east.   While many cities and villages
have ordinances requiring automobiles to keep to the
right of the center of the street and where such ordi-
nance has been enacted it is negligence *per se* to drive
to the left of the center of the street (*Star Brewery Co.
v. Hauck*, 222 Ill. 348; *Lake Shore & M. S. Ry. Co. v.
Parker*, 131 Ill. 557; *Grabill v. Block*, 218 Ill. App.
659) ; this is not the rule in this State where such ordi-
nance has not been enacted.   Public streets and high-
ways are for the benefit of the public, and the traveling
public have the right to use them in their entire width
provided that in so doing no ordinance or statute law
is violated and provided also that the traveler is not,
in fact, guilty of negligence in so doing.   It is a matter
of general knowledge that public highways are not im-
proved for travel for their entire width and that fre-
quently the entire traveled portion of the way is at
one side.

The Motor Vehicle Act in force at the time of the
accident provided that any person operating a motor

vehicle should, on overtaking and passing any other vehicle, pass to the left side thereof. It is obvious that a motor vehicle in overtaking and passing to the left of a load of hay, threshing outfit or other like vehicle on a public highway to avoid colliding therewith would very frequently be obliged to travel on the left of the center of the highway.

The Motor Vehicle Act in force at the time of the collision did not prohibit driving to the left of the center of the highway. It did provide that whenever a person operating a motor vehicle shall meet on a public highway any other person riding or driving a horse or other draft animal, or any other vehicle, the person so operating such motor vehicle or vehicles, or riding or driving a horse or other draft animal, shall each seasonably turn to the right of the center of the beaten track of the highway, so as to pass without interference. It would be impossible on public highways frequently for an automobile on meeting another vehicle to seasonably turn to the right of the center of the beaten track of the highway, without turning to the right of the center of the highway.

Operating a motor vehicle, at the time in question, on the left of the center of the highway was not negligence as a matter of law. It might be negligence as a matter of fact. Whether or not it was negligence as a matter of fact was a question depending on the facts of the particular case, and should have been submitted to the jury as a question of fact.

The court at the instance of appellee gave to the jury the following instruction:

"10. If the jury believe from the evidence that George W. Chandler, the plaintiff, was placed suddenly in a position of peril, without sufficient time to consider all the circumstances, by reason of the negligent handling of his car by the defendant, if the proof shows the negligent handling of the car of the defendant then under such conditions the law does not require of the plaintiff the same degree of care and

caution as is required of a person who has ample opportunity for the full exercise of his judgment and reasoning faculties.''

This instruction does not state the law correctly. While under the circumstances detailed in the instruction the law would not require the same amount of care as is required of a person who has ample opportunity for the full exercise of his judgment and reasoning faculties, the same degree of care, i. e., reasonable care, is required. Under those circumstances a less amount of care might constitute reasonable care, which is the degree of care required in both cases for recovery.

The court refused to give the following instruction requested by appellant:

''3. The court instructs the jury, that if you believe from all the evidence herein that the said plaintiff negligently and carelessly turned out the lights upon his automobile, which he was then and there driving upon said public highway, and thereby negligently and carelessly failed to give notice of his presence to other persons lawfully upon said highway, and thereby became guilty of negligence which contributed, in part, to the damages complained of; then, in such event of the proof, you should find the issues for the defendant.''

The Motor Vehicle Law (see Cahill's Ill. St. ch. 95a, ¶ 17) in force at the time of the collision provided: ''When upon any public highway in this State, during the period from sunset to one hour before sunrise, every motor bicycle shall carry one lighted lamp and every motor vehicle two lighted lamps showing white lights visible at least two hundred feet in the direction toward which each motor bicycle or motor vehicle is proceeding,'' and while it also provided that ''On approaching another vehicle proceeding in an opposite direction, and when within not less than two hundred and fifty feet of same, any person in charge of a motor bicycle or motor vehicle equipped with electric head-

light or headlights, shall 'dim or extinguish such headlight or headlights,'' it cannot be contended that the provision for the extinguishment of the headlights would authorize the driver of an automobile to extinguish all his lights at a considerable distance from an approaching car and then proceed forward at full speed in the dark and in so doing be held guiltless of negligence as a matter of law. These provisions of the law must be construed together, and it must be held that after extinguishment of electric headlights the car could only proceed upon its way when it had two other lights visible at least 200 feet in the direction in which the car was going. Under the evidence in this case the instruction should have been given.

The instruction given for appellee upon the question of damages is subject to the objection made to it that it does not confine the jury to such damages as are claimed in the declaration and shown by the evidence to be the proximate result of the negligence of the defendant.

For the errors indicated in the giving and refusal of instructions the judgment is reversed and the cause remanded.

*Reversed and remanded.*