## Glenn F. Bunch, Plaintiff in Error, v. Rollin McAllister, Defendant in Error.

### Gen. No. 8,608.

Opinion filed April 27, 1932.

BURNETT M. CHIPERFIELD, CLAUDE E. CHIPERFIELD and ROBERT B. CHIPERFIELD, for plaintiff in error.

BOYD, RATCLIFF & WEBER and WALKER & O'HARA, for defendant in error.

MR. JUSTICE SHURTLEFF delivered the opinion of the court.

This was an action of trespass on the case brought by Glenn F. Bunch, plaintiff in the court below, against Rollin McAllister, defendant in the court below, to re-

cover damages alleged to have been sustained by him in an automobile accident which occurred on the 31st day of October, 1927.

The declaration consisted of one count and averred that on October 31, 1927, Glenn F. Bunch, plaintiff, was riding in a certain Chevrolet motor car, of which he was the owner, being driven by one Ernest Lovitt in a westerly direction along the north half of the paved portion of a certain public highway known as State Bond Issue Route 9, situated about one and one-half miles distant from the City of Canton in Fulton county; that the defendant, Rollin McAllister, was then and there possessed of and driving a certain Reo truck along the paved portion of said highway in an easterly direction; that while the plaintiff was in the exercise of due diligence the defendant so negligently drove the said Reo truck that when it was about 50 feet west of the said Chevrolet automobile it suddenly turned from the south side of the paved portion of said public highway to the north side thereof and was then and there driven with great speed at and towards the car in which the plaintiff was then and there riding, and did violently collide with the automobile of the plaintiff; that the car in which the plaintiff was riding, in attempting to escape injury, then and there turned in a northerly direction off said pavement and onto the unpaved portion of said public highway; that at the time of said collision the truck driven by defendant was wrongfully upon the north side of said public highway where the plaintiff's car had the lawful right to be.

Plaintiff in error alleges that he suffered severe injuries growing out of the collision.

The plea of the general issue was filed to the declaration. The cause was tried in the circuit court of Fulton county on the 27th day of January, A. D. 1930, resulting in a verdict in favor of the defendant in error being returned by the jury.

Plaintiff in error has brought the record by writ of error to this court for review.

In this case the proofs for plaintiff in error show that plaintiff in error, with the witness Lovitt driving plaintiff in error's Chevrolet car, were driving west on the highway north of the black line. Defendant in error was driving his truck on the south side of the black line or about on the line, and when the cars were about 50 feet apart, defendant in error's truck turned to the left, went over the black line and struck the left front wheel of plaintiff in error's Chevrolet, while Lovitt was pulling the Chevrolet to the north and over the shoulder of the pavement to the north of the cement slab which the Chevrolet left. They testified defendant in error's truck faced to the northeast and that the right front wheel of the truck struck the left front wheel of the Chevrolet.

Defendant in error and his witness Sharron, who was riding with him, testify to an entirely different state of facts. They testify that defendant in error was traveling all the time from Canton east with a truck load of hogs on the south side of the black line, and that just before they reached Van Dyke corner, a dirt road leading to the south and the County Farm, the Chevrolet car had swerved to the south and over the south shoulder of the cement upon the gravel and at first appeared like it was trying to make the Van Dyke corner south, but instead of turning to the south, it continued directly toward the truck and a head-on collision, and that when within 30 to 40 feet of the Chevrolet, defendant in error turned his truck to the left and north, and that his front wheels were just over the black line when the collision occurred. The actual collision occurred about 15 steps west of the center of the Van Dyke dirt road. The actual collision was testified to by one witness in each car, in addition to the drivers. Two other drivers going east behind defendant in error, witnesses Brush and Whitehead, saw the

lights of plaintiff in error's Chevrolet south of the truck. Whitehead testified, "I saw the lights of a car which collided with the truck coming from the opposite direction. I saw one light on the south side of the truck just before the accident." Whitehead was 40 to 60 rods back of defendant in error's truck. Brush testified: "I saw a car coming from the east or saw the lights of a car. I saw the lights of this car make a kind of a whip and I saw the truck look as though he made some kind of a whip too, or movement, or something of the kind, like that (illustrating) and they collided. When I first saw the lights, they were on the north and whipped to the south. I did not see them after they whipped to the south, until the time of the collision." Brush was about 1,000 feet behind defendant in error. Neither witness could state the exact line defendant in error's truck was traveling in the highway.

In this cause the court gave 21 instructions for plaintiff in error and 17 instructions for the defendant in error. Upon the giving of certain of these instructions for defendant in error and the refusal of certain instructions offered by plaintiff in error, plaintiff asks for a reversal of said judgment.

Plaintiff in error especially complains of defendant in error's second instruction as follows: "If you believe from the evidence in this case that the defendant McAllister immediately prior to the collision in question was driving in an easterly direction upon the south side of the black line down the middle of the hard road and that the car in which the plaintiff was riding approached from the east on the south side of the black line down the middle of the hard road and that it was reasonably apparent to the defendant that a collision was imminent and if you further believe that the defendant when thus confronted with impending danger of a collision, if you find *from the evidence* he was so confronted turned to the left and onto the north

side of the black line down the middle of said hard road and that in so doing the defendant did what an ordinarily prudent man would have done under similar circumstances, then the defendant was not guilty of negligence in turning onto the north side of the black line and would not under the conditions above outlined be liable in this case.''

And defendant in error's third instruction as follows:

''The court instructs the jury that if you believe from the evidence in this case that at the time the accident occurred, the car of the plaintiff was being driven by the witness Lovitt, for the plaintiff, or under the plaintiff's direction and control, and if you further believe from the evidence that the said Lovitt in driving said car negligently drove to the south side of the center line of the road, and that the act of Lovitt in so driving said car contributed to the injury complained of, then under such state of proof the plaintiff cannot recover, and you should find your verdict for the defendant.''

And defendant in error's thirty-sixth instruction as follows: ''The court instructs the jury that if you believe from the evidence in this case that the defendant, McAllister, immediately prior to the accident in question, was placed in a sudden emergency, with peril imminent, as the result of the car in which plaintiff was riding being driven on the south side of the road, then you are instructed that under such state of proof the defendant would not be required to use the same degree of self-possession, coolness and judgment as when there is no imminent peril but if under such circumstances the defendant acted as an ordinary prudent person *would* have acted he would not be guilty and you should find your verdict in his favor.''

As to instructions numbers 2 and 36, plaintiff in error contends that the giving of these instructions was error, for the reason that they omit the element of

due care on the part of defendant in error in getting himself into the position he found himself in prior to the accident. This rule was observed in *Chicago, M. & St. P. Ry. Co. v. Halsey,* 133 Ill. 248, where a similar state of facts existed, and the court submitted an abstract instruction, not requiring the jury to find any of the facts in the case; and in *North Chicago St. R. Co. v. Cossar,* 203 Ill. 608, 612, where a woman had ridden upon a bicycle into a crowded intersection, and was injured by a street car; but in *Chicago & E. I. R. Co. v. Storment,* 190 Ill. 42, 45, the court gave the following instruction: "Although you may believe, from the evidence, that the plaintiff jumped or stepped from the train in question after it was in motion, whereby she received the injuries complained of, yet if you further believe, from the evidence, that while the plaintiff was descending the steps of said train the same was suddenly, carelessly and without warning to her set in motion by the defendant, and that the plaintiff was thereby placed in a perilous position, then it is for you to determine, from the evidence, whether the plaintiff acted as a reasonably prudent person would have done under like circumstances; and if you believe, from the evidence, that under the surrounding circumstances the plaintiff was not guilty of negligence, but acted as a reasonably prudent person would have done under like circumstances, then the fact of her so stepping or jumping from said train while the same was in motion will not prevent the plaintiff from recovering in this case." This instruction states nothing as to the due care of the plaintiff in coming to the steps and attempting to get off the train. It is presumed that passengers upon a railway train sometime, somewhere will want to get off from the train in an orderly manner, just as drivers upon the highway, by rule and by statute, are expected to drive to the right of the center line or black mark. In the *Storment* case the court said: "The instruction informed the jury they

had the right to take into consideration all the circumstances surrounding the plaintiff from the time she left her seat in the car until she reached the platform, and if they found, from the evidence, that while she was descending the steps to the platform the train was suddenly and without notice to her set in motion, and she was thereby placed in a perilous position, and that while so situated she did what a reasonably prudent person would have done under like circumstances for her own safety, the fact that she stepped or jumped from the train while the same was in motion would not defeat a recovery. We see no error in this instruction. If a person, while in the exercise of due care for his own safety, be placed in a perilous position by the wrongful act of another, if his conduct in attempting to extricate himself from such peril is that of a reasonably prudent person acting in view of such peril, he may recover, if injured."

The instructions submit to the jury the question of defendant's due care prior to the point of "imminent danger," all of the facts as to whether defendant was confronted with "imminent danger" and are not subject to the criticism made.

Plaintiff in error contends that the second instruction is erroneous in that it assumes, as a matter of law, that plaintiff in error was negligent for driving on the left-hand side of the road, citing *Chandler v. Gifford,* 223 Ill. App. 486. When the action arose in *Chandler v. Gifford, supra,* there was no law directing the lanes of traffic and the court said: "While many cities and villages have ordinances requiring automobiles to keep to the right of the center of the street and where such ordinance has been enacted it is negligence *per se* to drive to the left of the center of the street (*Star Brewery Co. v. Hauck,* 222 Ill. 348; *Lake Shore & M. S. Ry. Co. v. Parker,* 131 Ill. 557; *Grabill v. Block,* 218 Ill. App. 659); this is not the rule in this State where such ordinance has not been enacted."

Since that time, paragraph 161(2), chapter 121, Cahill's Revised Statutes, in force at the time of the accident in question, provides: "Upon State highways, upon which have been constructed paved or hard-surfaced roads having two traffic lanes, every person operating or driving a vehicle shall, whenever practicable, keep to the right of the center line of the paved or hard-surfaced portion, and shall have the right of way on that traffic lane."

The instruction is not subject to the criticism made. Plaintiff in error, in his seventeenth instruction, enunciated the same principle as to the defendant in error, and if the instruction was erroneous plaintiff in error can take no advantage of it.

Instructions 2 and 36 do not assume the existence of any facts; they leave it to the jury to determine whether plaintiff in error's car was on the left-hand side of the road and the defendant in error's car was on the right-hand side of the road. The instructions were based upon the evidence, which was defendant in error's theory of the case.

As to the instruction number three, no such construction can be placed upon this instruction as contended by plaintiff in error and we find no error in the giving of this instruction.

Plaintiff in error criticizes instruction number 31 given for defendant in error, as follows: "The court instructs the jury that there is no presumption of negligence arising against the defendant from the simple fact of itself that the plaintiff was injured in connection with the truck of the defendant, or as a result of a collision with defendant's truck."

This instruction was refused in *West Chicago St. R. Co. v. Petters,* 196 Ill. 298, 300, and the court said: "We think the appellant was not prejudiced by the refusal of the trial court to give this instruction to the jury. This class of instructions, which select one item of evidence or one fact disclosed by the evidence and

state that a certain conclusion does not follow, as a matter of law, from that fact, are calculated to mislead and confuse a jury. The case of *Drainage Com'rs v. Illinois Central Railroad Co.*, 158 Ill. 353, was reversed on this character of instructions. If an instruction of this nature were held proper, it would be possible for a defendant to select each 'mere fact' constituting the entire chain of facts by which negligence was proved, and enable the court to instruct the jury that each of these links in the chain did not, of itself, constitute negligence, and while each particular link might not, of itself, constitute negligence, yet the whole, taken together, would, and thereby the court would be enabled to instruct the jury on the facts and take away the consideration of facts from them." Such instructions should not be given, but we are not able to conclude, in this case, that the giving of this instruction in any manner prejudiced the jury or is reversible error.

The instruction held reversible error in *Drainage Com'rs v. Illinois Cent. R. Co.*, 158 Ill. 353, 357, was upon an entirely different subject matter and applied an erroneous rule of law to a set of facts within the province of the jury to determine.

Plaintiff in error criticizes the giving of defendant in error's twenty-sixth instruction as follows: "The court instructs the jury that if you believe from the evidence that the plaintiff has not made out and proved his case by the greater weight of preponderance of the evidence, and under the instructions given by the court, he is not entitled to recover, then your oaths prohibit you from bringing in a verdict in his favor for any sum of money merely because you may sympathize with him. This case must be tried according to the law and the evidence and not according to the sympathies of the jury"; and cites *Molloy v. Chicago Rapid Transit Co.*, 335 Ill. 164, 171, where the following instruction was given: " 'The court instructs the

jury that while as a matter of law the burden of proof is upon the plaintiff and it is for her to prove her case by a preponderance of the evidence, still, if the jury find that the evidence bearing upon the plaintiff's case preponderates in her favor, although but slightly, it would be sufficient for the jury to find the issues in her favor.' ''

The court said: ''Instructions similar to this one have been criticised by this court in many cases. The instruction first states that it is for the plaintiff to prove her case by the preponderance of the evidence, and refers to the evidence bearing on plaintiff's case without any statement as to what the case is or what it is necessary for her to prove, but it refers the whole case to the jury without any limitations. It opened the door for the jury to take any view of plaintiff's case which they saw fit to take and to arrive at a verdict for any reason which might seem to them to be sufficient, without any rule to guide them. An instruction must limit the right of recovery to the negligence charged in the declaration. (*Herring v. Chicago and Alton Railroad Co.*, 299 Ill. 214; *Hackett v. Chicago City Railway Co.*, 235 id. 116; *Ratner v. Chicago City Railway Co.*, 233 id. 169.)''

In the *Molloy* case the instruction was a plaintiff's instruction. In the case at bar the instruction is a defendant's instruction. In the case at bar plaintiff in error in his instructions 17 and 19 fully set out the nature of his case and the negligence charged.

Plaintiff in error criticizes the thirty-second instruction given for defendant in error as follows: ''The court instructs the jury that by his declaration in this case the plaintiff charges that the defendant was negligent in the operation of his Reo truck in that when within about 50 feet of the Chevrolet car in which plaintiff was riding, the defendant turned said truck and drove it with great speed from the south side of the public highway to the north side' thereof at and

toward the car in which plaintiff was riding so that. the Reo truck of the defendant was caused to and did collide with the plaintiff's automobile, although the plaintiff's car left the pavement on the northerly side and turned in a northerly direction off of the pavement in order to escape collision with defendant's truck. In order to recover in this case it is incumbent upon the plaintiff to prove the said charge by a preponderance of the evidence in this case and if you find that he has failed to so prove the said charge in his said declaration then your verdict should be for the defendant.'' It is objected that the instruction does not contain the element of due care, charged in the declaration on the part of plaintiff in error. The instruction does contain in substance, the charge of negligence set out in the declaration on the part of defendant in error. Plaintiff in error, in several instructions, had mentioned the ''negligence'' of the defendant, and defendant in error was entitled to submit to the jury the charge of negligence contained in the declaration. In the recent case of *Buckley v. Mandel Bros.,* 333 Ill. 368, our Supreme Court, at page 373 says: ''When the plaintiff sets out in his declaration the negligent acts of the defendant relied on as a basis for a recovery he must establish those negligent acts, and cannot recover by reason of negligent acts of the defendant not averred in the declaration as a ground of recovery, even though the acts proven show the defendant was guilty of negligence which caused the injury.'' There was no error in the giving of this instruction.

It is objected that 10 of defendant in error's instructions are instructions which by their terms direct a verdict for the defendant in error, and plaintiff in error cites *Kravitz v. Chicago City Ry. Co.,* 174 Ill. App. 182, and what the court said on page 186 as follows: '' 'It was never contemplated, under the provisions of the practice act, that the court should be required to give a vast number of instructions, amount-

ing, in the aggregate, to a lengthy address,' and such a practice is 'mischievous and ought to be discontinued,' and 'does not enlighten the minds of a jury on the issues submitted to them, but rather tends to introduce confusion.' *Adams v. Smith,* 58 Ill. 417, 419; *Chicago City Ry. Co. v. Sandusky,* 99 Ill. App. 164, 168; *Chicago, P. & M. R. Co. v. Mitchell,* 159 Ill. 406, 407; *West Chicago St. R. Co. v. Petters,* 196 Ill. 298, 302; *Donnelly v. Chicago City Ry. Co.,* 235 Ill. 35, 39. Under the facts of this case we are inclined to the opinion that the giving of such a large number of instructions, many of which directed a verdict for defendant, constituted prejudicial error.'' This is a correct rule of law, but plaintiff in error was guilty of the same offense. Ten of plaintiff in error's instructions either directed a verdict against the defendant or contained the statement: ''that if the jury find the defendant guilty,'' or words of similar import, then that plaintiff's damages should be assessed. From the number of instructions submitted in this cause, the court would have been warranted in refusing all.

Plaintiff in error complains of the court's refusal to give his instructions four and five as follows: ''4. The court instructs the jury that the degree of care to be exercised by drivers of motor vehicles depends upon the character of the vehicle used, and that the more dangerous the use of such vehicle may be and the greater its liability to do injury to others the higher is the degree of care and caution to be exercised by the person charged with the duty of its operation, management and control.

''5. The court instructs the jury that when it is said in these instructions that the plaintiff, Glenn Bunch, was required to exercise ordinary care for his own safety, it is meant that he was required to exercise that degree of care which an ordinarily prudent and cautious person situated as plaintiff was before and at the time of the accident would have exercised for

his or her own safety." Instruction number four does not state a correct rule of law and there was no testimony upon which to base it. Instruction number five was fully covered by other instructions given for plaintiff in error.

Another question is raised in this case. The cause was tried at the January term of the circuit court of Fulton county and a verdict rendered on the twenty-eighth day of January, 1930, at which time a motion was made to set aside the verdict and for a new trial. On April 23, 1930, the January term of court adjourned for the term. At the second term thereafter, namely the September term, 1930, the motion for a new trial was heard and overruled, and then for the first time a motion for a bill of exceptions was made and allowed and an order entered therefor. It is contended by defendant in error that no bill of exceptions having been taken to the January term, A. D. 1930, no errors of law occurring upon the trial or exceptions to the giving or refusing of instructions can be heard upon this review, citing: *Finch & Co. v. Zenith Furnace Co.,* 245 Ill. 586, 590; *Taylorville Sanitary District v. Nelson,* 334 Ill. 510, 513; and *Yarber v. Chicago and Alton R. Co.,* 235 Ill. 589, 596. On the other hand, plaintiff in error cites cases: *People v. Gary,* 105 Ill. 264; *Hosking v. Southern Pac. Co.,* 243 Ill. 320, 328; and *Grubb v. Milan,* 249 Ill. 456, 460, holding to a different rule and that the bill of exceptions may be taken at the term in which judgment is entered. We have not found it necessary to pass upon this question in arriving at a determination of the case, and, therefore, we do not pass upon this question.

Finding no error in the record that will warrant a reversal of the judgment, the judgment of the circuit court of Fulton county is affirmed.

*Affirmed.*