## Frank Mellish, Appellee, v. George R. Thorne, Appellant.

## Gen. No. 14,571.

ORDINARY CARE—*when vigilance not required.* If a person has no reason to suspect danger he is not required to look for it.

Action in case for personal injuries. Appeal from the Superior Court of Cook county; the Hon. BEN M. SMITH, Judge, presiding. Heard in this court at the October term, 1909. Affirmed. Opinion filed October 7, 1909.

E. E. GRAY, F. J. CANTY and J. C. M. CLOW, for appellant.

FRANK L. CHILDS and ODE L. RANKIN, for appellee.

MR. PRESIDING JUSTICE HOLDOM delivered the opinion of the court.

The judgment here appealed from is for $1500, and was entered upon the verdict of the jury assessing that amount as damages sustained by plaintiff in stepping into a pit of hot water on the premises of defendant. Plaintiff, for some time before the accident, had been engaged in making some changes in the boiler and the flues of the furnace of defendant, which would bring about the consumption

of smoke and thereby avoid violations of the municipal smoke ordinance, and on the day of the accident he was called to defendant's premises to fix a chain on the furnace which was in some way out of order and would not work as it was intended it should. Back of the boilers on defendant's premises was a pit in the floor about three feet deep and as long as the boilers are wide, and about three feet in width. In this pit so formed, water which comes from the boilers is caught and drained into the sewer. The water so caught in the pit is, or was, at the time of the accident, hot to the point of scalding. Plaintiff in going to look at the chain was accompanied by the engineer of defendant. The place was dark and had to be lighted by artificial light. At the time of the accident there were gas burners and at least one incandescent lamp burning. Whether plaintiff had any knowledge of the existence of this hot water pit prior to the accident, the record does not disclose. The engineer did not say anything to plaintiff about its presence or caution him to be on the lookout to avoid stepping into it at the time they were making their way to the out of repair chain. Plaintiff testified that he was ignorant of the hot water pit and did not notice or observe it until he unwittingly stepped into it as he passed the engineer to reach the place from which the chain hung.

Defendant thus summarizes the contentions of the disputants before the court: "The plaintiff's claim is that he did not notice the pit, and under the circumstances was in the exercise of ordinary care in failing to notice it, and that the defendant under the circumstances was negligent in not warning him of the presence of it. The defendant's claim is that this pit was a permanent part of the premises; that the light was ample; that any man using ordinary observation about the things about him would have been aware of the pit; that the light was good; that the pit was in plain sight, and that he was not negligent in not anticipating that the plaintiff would fail to observe it, and that he needed to be warned of its presence in order

to avoid injury to the plaintiff. The defendant maintained that its position in this regard is established by a clear and overwhelming preponderance of the evidence.''

But one question involved is of any material importance to the right of plaintiff to recover. If this shall appear to favor plaintiff, the other questions raised and argued become of no importance. That the place was sufficiently lighted, we think the evidence strong enough to demonstrate. However, we have no misgivings concerning the fact that the hot water pit was a dangerous place. The testimony of all the witnesses giving evidence in relation thereto cannot possibly lead to any other conclusion. We cannot hold that plaintiff was guilty of a lack of due care in not noticing this dangerous pit in time to avoid the consequences which followed upon his unintentionally stepping into it. It appears that there was a dark scum upon the surface of the water, which gave it the appearance of being a part of the cement floor. It was not a danger to be anticipated, calling for vigilance to avoid. In the nature of things, plaintiff's mind was centered upon the chain, the defect in which he intended to remedy, that being the task he was called upon to perform.

Neither does the fact that it was necessary for him to bend his body and turn his eyes downward toward the water in the pit, in approaching the place from which he could reach the chain, and that he did so, and yet did not become aware of the dangers besetting his path from the hot water pit, militate against his right to recover. Neither does such conceded condition absolve defendant from his duty to inform plaintiff of the danger, nor relieve him from negligence attributable to him in not so doing. The line of decisions applicable to the condition which confronted plaintiff at the time he met with the accident, is summed up in the observation of the court in Brosnan v. Sweetser, 127 Ind. 1, ''that if there was no reason to suspect danger, she was not called upon to be looking

for danger''. Hendrickson v. Meadows, 154 Mass. 599; Engel v. Smith, 82 Mich. 1; Pelton v. Schmidt, 104 *ibid.* 345; O'Callaghan v. Bode, 84 Cal. 489; Rosenbaum v. Shoffner, 98 Tenn. 624; T. W. & W. Ry. v. Grush, 67 Ill. 262.

Plaintiff, at the time of the accident, was on the premises of defendant by his invitation. Defendant therefore owed him the duty to warn him of dangers of which the law charges defendant with knowledge, and about which plaintiff not only was not informed, but which were not so open and obvious as to impute to plaintiff want of care in not observing the danger thus created in time to avoid it. While it may be said that the hot water pit was in plain sight, yet it must be remembered that the danger from its presence was not such as might reasonably be anticipated to lie in plaintiff's path, and that his presence was for the attainment of a certain object, to which his mind was directed and which did not naturally call for close examination of the floor to find if hot water pits were in the way. The hot water pit was a dangerous place, of which defendant should have warned plaintiff, so that he might have avoided it. Defendant's failure so to do was negligence.

We cannot say the amount of the verdict is excessive, for the injury suffered was painful and plaintiff was put to considerable expense in an effort to heal his wounds. He was also taken from his business for a long time and lost some profit by reason of his enforced neglect of his business, resulting from the accident.

Finding no error in the record of a reversible nature, the judgment of the Circuit Court is affirmed.

*Affirmed.*