Everett Fogelsong by Irvine R. Wasson, Appellee, v. Peoria Railway Terminal Company, Appellant.

Gen. No. 6,305.

1. STREET RAILROADS, § 93*—*when questionable whether child sliding upon tracks should be held free from contributory negligence.* Where a boy eight and one-half years old went to a certain street car crossing to warn his companions of the approach of cars while they were coasting, and was injured by a car as he reached the tracks at the crossing, held, taking his age and capacity into account, it would be questionable whether he should be held free from contributory negligence in sliding upon the tracks.

2. DAMAGES, § 110*—*when verdict for personal injuries to child is excessive.* Where the testimony as to plaintiff's injury was contradictory and the only evidence showing a serious permanent injury was that of the plaintiff, a boy nine or ten years old, his mother, and one physician, and his and his mother's testimony was on some questions false or mistaken, held that a verdict for $3,300 was excessive.

3. STREET RAILROADS, § 78*—*what constitutes prima facie case of negligence in operation in cities.* Under the statute fixing the liability of railroad companies in operating trains in cities (J. & A. ¶ 8836), the violation of an ordinance as to the speed of trains makes a prima facie case of negligence for the plaintiff, in an action against a street railroad to recover damages for injuries sustained by reason of such violation.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

4. NEGLIGENCE, § 8*—*when question of character of in violation of ordinance is immaterial.* Whether the violation of an ordinance is negligence *per se* or prima facie negligence is of no consequence unless it contributed to the injury complained of, in an action to recover damages for personal injuries.

Appeal from the Circuit Court of Peoria county; the Hon. CLYDE E. STONE, Judge, presiding. Heard in this court at the April term, 1916. Reversed and remanded. Opinion filed October 12, 1916.

JACK, IRWIN & JACK, for appellant.

BERNARD KELLY, for appellee; SHELTON F. McGRATH, of counsel.

MR. JUSTICE CARNES delivered the opinion of the court.

The appellant is a railroad corporation operating cars propelled by electric power on certain streets in the City of Peoria. The ordinance of that city licensing such operation provides that it should not run its cars at a speed greater than fifteen miles per hour. On December 27, 1914, the appellee, Everett Fogelsong, a boy eight and a half years old, was with other boys coasting down Chicago street to and across Washington street in a densely populated portion of said city. He was going to the crossing of said two streets for the purpose of standing on Washington street to warn his companions of the approach of appellant's cars on that street and thus avoid danger. As he reached appellant's track on Washington street he came in contact with an approaching car at the street crossing and was injured. There was an ordinance of the city prohibiting coasting on any of the streets except where it might be suspended by the public proclamation of the mayor. This action was brought to recover for that injury. Appellee had judgment on a verdict of $3,300, and the railroad company prosecutes this appeal.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Appellee's evidence tended to show that appellant was driving the car at a high and dangerous speed and in excess of fifteen miles per hour; that the view of the crossing was obstructed and no signal was given in time to warn him of danger. Appellant's evidence tended to show that the car was not driven at an excessive speed and not driven to exceed the rate fixed by the ordinance. It pleaded and offered in evidence the coasting ordinance above mentioned, and relied on its violation as a defense, and also claims that independent of that ordinance appellee was guilty of contributory negligence in sliding upon the track, and here argues that appellee's violation of that ordinance was negligence *per se* and therefore the judgment must be reversed if such negligence essentially contributed to the injury. It also claims that, even conceding the defendant's liability, the verdict is so excessive as to indicate passion and prejudice on the part of the jury.

There is a question whether the coasting ordinance was at the time suspended by public proclamation of the mayor. Both parties in instructions to the jury tendered and given treated that question as one of fact to be determined by the jury.

We are not satisfied that the evidence warrants the conclusion that appellee, independent of the question of the coasting ordinance, was exercising reasonable care for his own safety. He knew the danger and had undertaken to warn his companions of the approach of cars. Of course his age and capacity must be taken into account, but under the rules governing in such cases it is very questionable whether he should be held free from contributory negligence in sliding upon the track as he did. We are also of the opinion that the great preponderance of the evidence shows that appellee's injury was not of such a serious, permanent character as to warrant the verdict of $3,300. He was no doubt injured, but the only evidence showing a

serious, permanent injury is that of himself and his mother and one physician that testified in his behalf. This testimony is much of it contradicted by other physicians that had examined him, and other disinterested witnesses that had opportunities to see him from time to time after the accident, including his public school teacher. It also appears beyond question that the testimony of appellee and his mother on some questions affecting his disability was false or mistaken, thus materially discrediting their entire testimony. For these reasons alone the case should be submitted to another jury.

If there was a valid ordinance in force prohibiting coasting on that street, and we assume on another trial it will be made clearly to appear whether there was or not, then the question of the effect of the violation of that ordinance will become important. The record does not present the question whether the violation of a valid ordinance is negligence *per se.* The court at appellant's instance instructed the jury that such violation, if proved, should be "taken as *prima facie evidence of contributory negligence* on the part of the plaintiff." And on the part of the appellee instructed the jury that such violation would not bar a recovery if they believed he was at the time "exercising that degree of care and caution that an ordinarily careful and prudent boy of his age, experience and intelligence would have exercised under the same or similar circumstances." These instructions, read together, mean that a child eight and one-half years old may recover for a personal injury caused in part by the negligence of another, notwithstanding his own violation of a valid law or ordinance was the proximate and efficient cause of the injury, if other ordinarily careful and prudent children of his age and capacity would, in the opinion of the jury, have under like circumstances so violated the law or ordinance. The Supreme Court of Massachusetts in *McGuiness v. Butler,*

159 Mass. 233, in speaking of a similar question, said: "The principle for which the plaintiff contends would require us to hold that in no case would trespassing or intermeddling by a child, or participation by him in the act resulting in injury to him, be a bar, as matter of law, to his recovery, provided it appeared that the defendant was negligent, and that the child was only doing what he might naturally have been expected to do. We do not think that such is the law." Perhaps if a violation of the ordinance was only prima facie evidence of negligence (and appellant is responsible for the adoption of that theory by the court), then it might follow that the prima facie showing could be rebutted in the way indicated in the court's instructions. But if a violation of the ordinance is to be taken as negligence *per se,* we do not see how it can reasonably be said to be overcome by the fact that other prudent and reasonable boys under the same circumstances would have done the same thing.

Whether the violation of a public law or ordinance is to be taken as negligence *per se* or as prima facie negligence is a question upon which there is conflict and confusion of authority. (29 Cyc. 436.) Appellee argues that if appellant violated the city ordinance in its rate of speed it was prima facie evidence of negligence, and seems to assume that it necessarily follows that the violation of any ordinance is only prima facie negligence. Our statute fixing the liability of railroad companies in operating trains in cities (J. & A. ¶ 8836) provides that in case of such violation "such corporation shall be liable to the person aggrieved for all damages done to the person or property by such train, locomotive engine, or car; and the same *shall be presumed* to have been done by the negligence of said corporation, or their agents." Under that statute the violation of the ordinance makes a prima facie case for the plaintiff, and it is easily seen why the courts should speak of it as prima facie neg-

ligence. But in the absence of such a statute there is much authority in this State that the violation of a public law or ordinance by either plaintiff or defendant is negligence as matter of law, and if it essentially contributes to the injury complained of it bars recovery by the plaintiff except in cases of wilful and wanton conduct on the part of the defendant, which are not, strictly speaking, cases of negligence. It should also be borne in mind that whether such violation is negligence *per se* or prima facie negligence it is of no consequence either to the plaintiff or defendant unless it contributed to the injury complained of. Whether there is negligence is one inquiry, but, if there is, still it is immaterial if it did not contribute to the injury. Proof of negligence does not make a case or a defense either prima facie or *per se* unless it so contributed. It is also true that the law or ordinance violated must be one enacted for the benefit of the plaintiff as distinguished from an ordinance manifestly enacted to control some situation other and different from that in which the parties were placed.

Independent of the question of contributory negligence, plaintiffs engaged in the violation of some public law or valid ordinance have been denied the right of recovery on the ground that they are asking to be relieved from the consequences of their own illegal acts.

Appellant in its briefs here suggests the court could properly have informed the jury that a violation of the coasting ordinance would not absolutely bar recovery if the jury believed the plaintiff was incapable of appreciating that he was engaged in an unlawful act, and was also in the exercise of such care as might have been expected of him. Appellee says the instruction might have been properly so framed. Appellant cites Massachusetts cases to support its contention that the law making the violation of an ordinance negligence *per se* is applicable to children as well as adults.

552    APPELLATE COURTS OF ILLINOIS.

Fogelsong v. Peoria Railway Terminal Co., 203 Ill. App. 546.

Appellee says the position may be well taken as to adults, but does not apply to children, and cites no authority. The question of affirming or reversing the judgment in this court does not depend upon whether counsel for either side is right in the construction of the law applicable to the violation of a valid ordinance by a child over seven years of age. Whatever the conclusion on that question, the judgment should be reversed. We do not know that it will on another trial appear that there was a valid ordinance violated by the plaintiff, or what position counsel may take as to the effect of such violation if it occurred. In the condition of the record here and in view of the position taken by counsel both in the court below and in their argument here as to the construction of the law, we will not attempt to anticipate and answer questions that may or may not arise on a future trial, but submit what we have said on that question and the following authorities for the consideration of the court and counsel, with such other authorities on the subject as they may find.

In *Terre Haute & I. R. Co. v. Voelker*, 129 Ill. 540, it was said on page 555 that nonperformance of a statutory duty resulting in injury to another may be pronounced to be negligence as a conclusion of law. In *Lake S. & M. S. Ry. Co. v. Parker*, 131 Ill. 557, the court said on page 566:

"While it is true that the omission of a duty imposed by positive law is negligence *per se,* yet such negligence becomes actionable, as a rule, only when it causes or contributes to the injury complained of." In *Chicago & E. I. R. Co. v. Goyette*, 133 Ill. 21, on page 28, this language is used:

"It is not disputed that a failure to perform a duty commanded by the statute may properly be denominated negligence *per se.*"

In *Star Brewery Co. v. Hauck*, 222 Ill. 348, on page 352, in discussing the acts of a boy ten years and ten months old, the court said:

"Even if deceased had been engaged in the violation of an ordinance, to bar a recovery on that ground it must appear that such violation of the ordinance was the proximate and efficient cause of the injury." (Citing authorities.)

This court in *Knickerbocker Ice Co. v. Leyda*, 128 Ill. App. 66, quoted with approval from *Newcomb v. Boston Protective Department*, 146 Mass. 596, 602, as follows:

"No case has been brought to our attention, and upon careful investigation we have found none, in which a plaintiff, whose violation of law contributed directly and proximately to cause him an injury, has been permitted to recover for it, and the decisions are numerous to the contrary. (Citing authorities.) And it is quite immaterial whether or not a plaintiff's unlawful act contributing to his injury is negligent or wrong when considered in all its relations. He is precluded from recovering, on the ground that the court will not lend its aid to one whose violation of law is the foundation of his claim."

In *Gilmore v. Fuller*, 198 Ill. 130, the court cited *Harris v. Hatfield*, 71 Ill. 298, where the rule announced in *Heland v. City of Lowell*, 3 Allen (Mass.) 407, "that when a plaintiff's own unlawful act concurs in causing the damage he complains of, he cannot recover compensation for such damage," was adopted. In *Frye v. Chicago, B. & Q. R. Co.*, 73 Ill. 399, the court said on page 403:

"The rule is well settled that if a party suffers injury whilst violating a public law, the other party being also a transgressor, he cannot recover for the injury, if his unlawful act was the cause of the injury." *Lynch v. Public Service Ry. Co.*, 82 N. J. L. 712 [3 N. C. C. A. 514], 42 L. R. A. (N. S.) 865, with its notes in L. R. A. is instructive on the question of injuries to children and effect of violation of an ordinance as a defense. In 29 Cyc. 525, and following pages, is found a discussion of these subjects and citation of authorities.

Appellant urges error in the admission of evidence as to the possible future effects of the injury and on the opinion of a witness as to whether certain conditions resulted from the injury. The latest controlling authority on those questions is *Fellows-Kimbrough v. Chicago City Ry. Co.,* 272 Ill. 71, where the court said on page 76:

"Mere surmise or conjecture cannot be regarded as proof of an existing fact or of a future condition that will result. Expert witnesses can only testify or give their opinion as to future consequences that are shown to be reasonably certain to follow." (Citing authorities.)

And on page 77:

"A physician may be asked whether the facts stated in a hypothetical question are sufficient, from a medical or surgical point of view, to cause and bring about a certain condition or malady, or he may be asked whether or not a given condition or malady of a person may or could result from and be caused by the facts stated in the hypothetical question, but he should not be asked whether or not such facts did cause and bring about such condition or malady." (Citing authorities.)

The judgment is reversed and the cause remanded.

*Reversed and remanded.*