## Abstract of the Decision.

CARRIERS, § 81*—*when failure of carrier to notify consignee of arrival of shipment at port of embarkation constitutes breach of contract.* In an action against a common carrier for failure to deliver a shipment of canned corn in good order, where the shipment was delivered to the defendant as the initial carrier and the car was consigned to a certain party with directions to notify the plaintiff, in care of the steamship company at a certain city, and after arriving at the dock at such city, the car was overlooked and remained on the dock for two months and a half, when notice of its arrival was given to the steamship company, and the cases were then unloaded from the car and remained at the dock for over two weeks, after which the shipment was delivered to a steamer and ultimately reached the consignee, and during all of this time no notice was given to either the consignor or consignee of the delay in shipment, *held* that under the bill of lading the defendant was required to notify the plaintiff upon the arrival of the shipment at the port of embarkation, and that leaving the car at such port without notice to either the consignor or consignee for such period constituted a breach of the contract.

---

## C. W. Moyer, Appellee, v. Walden W. Shaw Livery Company, Appellant.

### Gen. No. 22,774.    (Not to be reported in full.)

Appeal from the County Court of Cook county; the Hon. BENJAMIN BALL, Judge, presiding. Heard in this court at the October term, 1916. Affirmed. Opinion filed April 16, 1917.

### Statement of the Case.

Action by C. W. Moyer, plaintiff, against the Walden W. Shaw Livery Company, a corporation, defendant, to recover damages for injury to plaintiff's automobile, caused by a collision with another automobile.

Moyer v. Walden W. Shaw Livery Co., 205 Ill. App. 273.

From a judgment for plaintiff for $256, defendant appeals.

SABATH, STAFFORD & SABATH, for appellant; CHARLES B. STAFFORD, of counsel.

MAX KRAUSS, for appellee.

MR. PRESIDING JUSTICE MCSURELY delivered the opinion of the court.

## Abstract of the Decision.

1. AUTOMOBILES AND GARAGES, § 3*—*when question of negligence and contributory negligence of drivers of colliding automobiles are for jury.* In an action to recover damages for injury to an automobile sustained in a collision between an automobile of the plaintiff and a taxicab of the defendant at a street crossing, where the testimony was widely at variance, *held* that the questions whether the accident was caused by the negligence of the defendant's chauffeur and whether plaintiff's chauffeur was guilty of contributory negligence were properly left to the jury and that the finding in favor of the plaintiff should not be disturbed.

2. AUTOMOBILES AND GARAGES, § 3*—*when defenses that plaintiff was operating car without license and at unlawful speed are unavailable.* In an action to recover damages for injury to an automobile in a collision between automobiles owned by the respective parties, where the defendant charged that the chauffeur driving plaintiff's car had no license, and also that such car moved across a boulevard at a higher rate of speed than permitted by statute, *held* that as neither the running of the car without a license nor the operation at a rate of speed in excess of the statutory limit was shown to have had any causal connection with the accident, such defenses were unavailable.

3. NEGLIGENCE, § 8*—*when violation of statute or ordinance is material.* The violation of an ordinance or statute is not ordinarily negligence *per se* but only one of the elements to be considered, and in any event such violation, to be material, must be shown to have had a causal connection with the accident.

4. WITNESSES, § 278*—*what is proper mode of impeachment.* Permitting an impeaching witness to testify from a transcript of his stenographic notes is a proper mode of impeachment.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.