## Olaf Johnson, Appellant, v. Charles Gustafson, Appellee.

### Gen. No. 28,389.

1. HIGHWAYS AND STREETS—*motor vehicle headlight law, how construed.* The provision of the statute requiring motor vehicles to be equipped with headlights visible at least 200 feet in the direction toward which such vehicle is proceeding is intended to provide for a light for the guidance and benefit of the person driving as well as for the protection of others who use the highway, and an instruction in effect that the statute was intended only for persons who were coming in an opposite direction was erroneous.

2. HIGHWAYS AND STREETS—*sufficiency of motor vehicle lights under statutes.* An automobile which at the time of its collision with plaintiff's horse and cutter had burning only two dimmers, a spot light turned toward the right hand curb, and the tail light, so that the driver could see only from 25 to 40 feet ahead, was not equipped in accordance with the statute requiring two white lights "visible at least two hundred (200) feet" in the direction toward which it was proceeding, and the driver was guilty of negligence as matter of law.

3. HIGHWAYS AND STREETS—*driving without light as negligence.* One who was driving a horse and cutter without a lighted lamp thereon as required by the village ordinance was negligent as matter of law.

4. EVIDENCE—*hypotheses and comparisons under differing conditions.* In an action against the owner of an automobile which collided with plaintiff's vehicle in the nighttime he having only the dimmer lights burning, a question asked by plaintiff's counsel as to what distance the roadway would have been illuminated had the bright lights been burning was properly excluded where it was not confined to the *locus in quo* nor to the night or a similar night to the one in question.

5. HIGHWAYS AND STREETS—*want of lights as proximate cause is jury question.* In an action by the driver of a horse and cutter against the owner of an automobile which collided with him where both parties were, as matter of law, negligent in not having their vehicles equipped with the lights required by statute or ordinance, and it was clear that if defendant's automobile had been equipped as required the accident would not have happened but it was not clear that a light on plaintiff's cutter would have prevented the collision, whether plaintiff's negligence proximately contributed to the accident was a question of fact for the jury.

6. Highways and streets—*sufficiency of evidence to justify charge on avoidable collision.* In an action by the driver of a horse and cutter for damages resulting from defendant's automobile striking it from the rear where the undisputed evidence showed that, at the speed defendant was traveling and the distance his lights illuminated the road, plaintiff did not become aware of the car's approach until it was too late to avoid it, there was error in instructing that plaintiff could not recover if the jury believed from the evidence that he could, by the exercise of ordinary care and caution, have gotten out of the way after he became aware of the car's approach.

7. Instructions—*on preponderance in conflicting evidence.* The defendant in an action for damages for negligence was entitled to an instruction that if plaintiff had not proved his case by a preponderance of the evidence, or if it were evenly balanced so that the jury were in doubt as to which side had the preponderance, or if the preponderance was in favor of the defendant, then plaintiff could not recover, but an instruction that if, upon any disputed fact the evidence is equally balanced or if the jury are in doubt or unable to say in whose favor the evidence preponderates they should find in favor of defendant, was erroneous.

8. Negligence—*instructions on contributory negligence.* An instruction given in an action for negligence which defined contributory negligence, ordinary care and proximate cause and then told the jury that defendant relied upon the defense of contributory negligence and unless they found from a preponderance of the evidence that plaintiff was not guilty of contributory negligence, their verdict should be not guilty, was substantially correct.

9. Appeal and error—*estoppel to complain of error similar to one's own.* Though an instruction given on behalf of defendant was erroneous, plaintiff is in no position to complain thereof where a similar instruction was asked and given on his behalf.

10. Highways and streets—*instructions on negligence in not showing light on vehicle.* In an action for damages resulting from a collision of defendant's automobile with plaintiff's sleigh, which was not carrying a light as required by ordinance, defendant was entitled to an instruction that under the evidence plaintiff was guilty of negligence in failing to carry a light and that if such failure proximately contributed to the accident plaintiff could not recover.

11. Highways and streets—*instructions on driver's care at time of accident.* Where defendant's collision with plaintiff's cutter was caused by his failure to have his bright lights burning on his automobile, an instruction as to ordinary care on his part should not have limited such care to the time "immediately before and at the time of the occurrence."

12. Evidence—*foundation proof of similar conditions for proof of experiments.* In an action for negligence the refusal of the court to admit evidence of experiments made shortly after the accident was not improper where the questions did not tend to show that the experiments were made under substantially similar conditions to those that prevailed at the time of the accident.

13. Highways and streets—*admissibility of evidence of speed of driving.* In an action for damages resulting from a collision of defendant's automobile with plaintiff's horse and cutter testimony as to the condition of the body of the horse, which had to be killed because of its injuries, which might indicate in some measure the speed at which the automobile was traveling, should have been admitted.

14. Appeal and error—*law of case on retrial after remand.* On a second trial *de novo* of a negligence case the trial judge was not bound by any ruling on the former hearing.

Appeal by plaintiff from the Superior Court of Cook county; the Hon. Harry A. Lewis, Judge, presiding. Heard in the third division of this court for the first district at the March term, 1923. Reversed and remanded. Opinion filed June 11, 1924. Rehearing denied July 16, 1924.

Thomas J. Young and Frank J. Burns, for appellant; John J. Poulton, of counsel.

Miller, Gorham, Wales & Noxon, for appellee.

Mr. Justice O'Connor delivered the opinion of the court.

Plaintiff sued the defendant to recover damages for personal injuries. On a trial of the case before a judge and a jury, a verdict was rendered in favor of the plaintiff for $2,500.00. Afterwards a new trial of the case was ordered and on the retrial the jury found the defendant not guilty; judgment was entered upon the verdict and plaintiff prosecutes this appeal.

There is very little conflict in the evidence. The facts as disclosed by the evidence are that about six o'clock in the evening of December 20, 1919, plaintiff was driving a horse and sleigh west in the public highway from La Grange to Western Springs. The horse

was traveling at about five or six miles an hour. When plaintiff had reached the village of Western Springs, an automobile driven by the defendant overtook him. The automobile struck the sleigh and demolished it, severely injuring the plaintiff and throwing the horse into the gutter at the west side of the roadway injuring him so severely that some bones were broken which necessitated its being shot. The evidence further shows that plaintiff and defendant were acquaintances and apparently friendly; that it was rather dark at the time of the accident; that the automobile was a Buick and equipped with ordinary headlights, but that they were not lighted. The only lights that were burning at the time were the two dimmers, a spot light and the tail light; the spot light was turned toward the right hand curb; that the defendant could see from twenty-five to forty feet ahead of his automobile. The evidence further tends to show that the automobile was being driven from twelve to fifteen miles per hour; that plaintiff had an ordinary string of sleigh bells on the horse, but there was no light on the cutter; that plaintiff, who was severely injured, was taken by defendant in his automobile to a doctor and was laid up for sometime. The evidence further shows that it was dark, there being no moon but the stars were out; that there was from four to five inches of snow which was discolored and worn out in the roadway twelve to fourteen feet wide; that there was considerable traffic on this road; two or three automobiles having overtaken and passed plaintiff prior to the accident.

One of the counts in the declaration charged a violation of the statute which required two lighted lamps showing white lights visible at least 200 feet in the direction toward which the automobile was being driven, and plaintiff contends that the undisputed evidence established the fact that the defendant was violating the statute at the time of the accident in that the lights which the statute required were not lighted

and that the accident resulted on account of defendant's negligence in this respect; that the court gave an erroneous and prejudicial instruction on the statute. The statute provided, "When upon any public highway in this State, during the period from sunset to one hour before sunrise, every motor bicycle shall carry one lighted lamp and every motor vehicle two lighted lamps showing white lights visible at least two hundred (200) feet in the direction toward which each motor bicycle or motor vehicle is proceeding and shall also exhibit at least one lighted lamp which shall be so situated as to throw a red light visible in the reverse direction * * *. On approaching another vehicle proceeding in an opposite direction, and when within not less than two hundred and fifty feet of the same, any person in charge of a motor bicycle or motor vehicle equipped with electric headlight or headlights, shall dim or extinguish such headlight or headlights" (Laws of 1917, p. 686).

The court gave the following instruction in respect to this statute. "The provisions of the statute of the State of Illinois in force at the time of the occasion in question, requiring every motor vehicle to carry two lighted lamps showing white lights visible at least 200 feet in the direction toward which such motor vehicle is proceeding, means that such lights must be of such character that they can be seen from a distance of 200 feet from the machine. It does not mean that such lights must be of such power as to light up the road for a distance of 200 feet in front of the machine or for any other distance. If you believe from the evidence that Mr. Gustafson's machine, at the time of the accident in question, had upon it two lighted lamps which a person coming from the opposite direction could see at a distance of 200 feet from Mr. Gustafson's automobile, then you are instructed that such lights, if you find there were such lights, were in compliance with the statute in question." From this instruction it will be seen that the jury were

told in effect that the statute was intended only for persons who were coming in an opposite direction from that in which an automobile was being driven in the nighttime and not for the benefit of the person driving the automobile. We think this was error. A statute similar to the one in our state has been passed upon by courts of other states and it was there held that the bright or white lights required by the statute were intended for the guidance and benefit of the person driving the automobile as well as for the protection of others who may use the highway. *Giles v. Ternes*, 93 Kan. 140; *Fisher v. O'Brien*, 99 Kan. 621; *Curran v. Lorch*, 247 Pa. St. 429; *Thomas v. Stevenson*, 146 Minn. 273; *Jolman v. Alberts*, 192 Mich. 25; see also *Lauson v. Fond du Lac*, 141 Wis. 57.

In the *Giles* case, the Supreme Court of Kansas passing upon a statute which provided that there should be exhibited upon an automobile "one or more lamps showing white lights, visible within a reasonable distance in the direction towards which the automobile is proceeding" held that the lights were for the benefit of those driving the automobile as well as for other persons and said (p. 144): "This requirement was made for the safety of all those using the highway. The lights are not alone required to guide and benefit those approaching the automobile on the highway, but also for the direction and guidance of those in charge of the automobile.

"Appellant urges that the lights are only intended to warn those approaching the automobile, so that they may avoid colliding with it. It is the duty of the motorist to keep a vigilant watch ahead for other vehicles, as well as for pedestrians, upon the highway, and the lights are required to enable him to see persons and vehicles on the highway in time to avoid them, as well as for the protection of those occupying the automobile."

The statute of Pennsylvania which was being construed in the *Curran* case, required automobiles "to

show two side lights visible not less than two hundred feet in the direction in which the vehicle is progressing." And it was held that it was negligence to drive an automobile at a rapid rate of speed at nighttime without lights to give notice that the automobile was approaching and to enable the driver to see the road ahead.

In the *Thomas* case, a boy eight years old, while coasting after dark, from a lot into a street, was injured by coming in contact with an automobile belonging to defendant. The machine was equipped with the ordinary headlights, but they were not lighted. The only lights displayed were two small lights on the dashboard. The statute of Minnesota provided "Every motor vehicle operated upon the public highway of this state  *  *  *  during the period from one hour after sunset to one hour before sunrise, shall display at least two lighted lamps, visible from the front. The light of the front lamp shall be visible at least two hundred feet in the direction in which the motor is proceeding." The defendant contended that the statute meant that the automobile lights should be visible to a person looking toward it and situated 200 feet ahead of the car. The court held the contention erroneous and said (p. 274): "The language is not clear, but we think plaintiff's construction is the correct one.  *  *  *  If defendant's construction is the correct one, then the provision is nugatory. Headlights would not be required at all. Any conceivable light, even a lighted match could be seen at night 200 feet away." Continuing the court said that the trial judge "instructed the jury that it was defendant's duty 'also to see that such lights  *  *  *  should be of such a character as to illumine the way for a reasonable distance in advance of the automobile.' The jury could but understand that the requirement that the light should be visible for a distance of 200 feet had no reference to such illumination or light upon the way,

"In this we think the court was in error. The language of the charge would be a correct statement of the law as to lights if the statute did not specify their character.

"One purpose of the lights is to enable the driver to avoid doing injury to one on the highway, and they must illuminate the way for a reasonable distance though a statute does not say so."

The statute of Michigan provided that the light of the front lamps should be visible for at least 200 feet in the direction toward which such motor vehicle is proceeding. The Supreme Court in the *Jolman* case in construing this statute said (p. 29): "the governing statute cannot be construed as requiring headlights on automobiles for the sole purpose of warning persons not in the car, but must be construed as requiring them for the purpose of lighting the way for some distance for the driver of the car."

In the instant case we are of the opinion that the statute requiring white lights visible at least 200 feet in the direction in which an automobile is proceeding is for the benefit not only of those who are using the highway ahead of the car, but, also, to enable those in driving the car to avoid accidents. The instruction complained of was erroneous and misleading and should not have been given. We are of the opinion that the defendant's automobile did not have the lights which the statute required burning at the time; that the uncontradicted evidence is that the defendant was guilty of negligence as a matter of law.

We are also of the opinion that it is clear from the evidence that the plaintiff was guilty of negligence in failing to comply with the ordinance of the village of Western Springs which required him to carry a lighted lamp upon his cutter, as a matter of law, the evidence showing without dispute that he carried no such lamp. The evidence, therefore, shows that plaintiff was violating the ordinance of the village and that the defendant was violating the statute of the state

at and before the time of the accident. Violation of an ordinance or of a statute is usually evidence of negligence and in this case both parties were negligent as a matter of fact and as a matter of law. We think it is also clear that the accident would not have occurred had the defendant had his automobile equipped with the lights required by the statutes. There is no evidence in the record showing what distance the bright lights would illuminate the roadway had they been lighted, although counsel for the plaintiff asked a question in this respect but as it was not confined to the *locus in quo*, nor to the night, or a night similar to the one in question, objection to this was properly sustained. But it is common knowledge that bright lights of an automobile will illuminate the road a considerable distance in front of an automobile. But it is not clear that the accident would not have occurred had the plaintiff carried a lighted lamp as the ordinance required on his cutter. Whether his negligence proximately contributed to the accident, was a question of fact for the jury. *Lerette v. Director General,* 306 Ill. 348; *Heiting v. Chicago, R. I. & P. Ry. Co.,* 252 Ill. 466.

In the *Lerette* case the court said (p. 352), "Violation of a law at the time of an accident by one connected with it is usually evidence of negligence, but there remains a question of fact whether the illegal act is the proximate cause of the injury. The mere fact that plaintiff was violating a law at the time he was injured ought not to bar his right to recover any more than the fact that the defendant was violating a law at the time plaintiff was injured ought to conclusively establish plaintiff's right to recover. Where the defense is that plaintiff's unlawful conduct at the time of the accident was the proximate cause of the accident, the difficult question presented for determination is whether the unlawful conduct was a direct and proximate cause contributing, with others, to the injury or whether it was a mere condition of it.

The mere fact that plaintiff was violating the law at the time he was injured will not bar his right to recover unless the unlawful act in some way proximately contributed to the accident in which he was injured * * *. Granting, but not deciding, that appellee's act in climbing through the string of cars, under the circumstances, was an illegal act, it is still a question of fact whether this illegal act was the proximate cause of the injury.''

In discussing the question of proximate cause in the *Heiting* case, where the defendant railroad company had failed to fence its tracks as required by an ordinance and a boy went upon the railroad property and was injured by a passing train, it was held that whether the failure to build the fence was the proximate cause of the injury was a question of fact for the jury. The court said (beginning at the bottom of page 473), ''In cases involving quite similar facts different courts have arrived at opposite conclusions. The question for our determination is whether there was any evidence requiring the submission of the question of proximate cause to a jury, and if the facts are such that men of ordinary judgment may arrive at different conclusions as to whether or not the fence would probably have prevented the accident, then the condition was such as required the submission of the case to the jury.''

In the instant case whether a lamp on plaintiff's cutter would probably have prevented the accident, in our opinion was a question for the jury. Negligence is generally a question for the jury, but where all reasonable minds would reach the conclusion that the party involved was negligent, then it becomes a question of law for the court. So in the instant case, we think all reasonable minds would reach the conclusion that the defendant and the plaintiff were both guilty of negligence as a matter of law and the only question left for the jury to determine was whether the

negligence of plaintiff proximately contributed to the accident as stated in the *Heiting* case, *supra.*

The plaintiff also contends that the court erred in giving on behalf of the defendant instructions Nos. 8, 9, 10, 11, 14, 17, 18, 19, 21 and 22. By instructions 8 and 10, the jury were told in substance that if they believed from the evidence that plaintiff after he became aware of the approach of defendant's automobile could, by the exercise of ordinary care and caution, have gotten out of the way and avoided the injury, he could not recover. These instructions were both wrong because there was no evidence upon which to base them. The undisputed evidence is that the defendant could see but from twenty to forty feet ahead of his automobile; that he was driving from twelve to fifteen miles per hour; that the plaintiff first learned of the approach of the automobile by the light striking his horse. It is obvious that when plaintiff became aware of the approaching car the distance between the two vehicles was so close that he could not escape.

Instruction 9 is to the effect that if, upon any disputed fact that evidence is equally balanced or if the jury are in doubt or unable to say in whose favor the evidence preponderates, they have no right to give the benefit of the doubt to the plaintiff, but should find in favor of the defendant. Defendant was entitled to an instruction that if plaintiff had not proved his case by a preponderance of the evidence, or if it was evenly balanced so that the jury were in doubt and unable to say on which side the preponderance was or if the preponderance was in favor of the defendant, then the plaintiff could not recover. *Chicago Union Trac. Co. v. Mee,* 218 Ill. 9. But we think the instruction given went further than this and might mislead the jury. They might understand that if any facts were disputed, and they were in doubt whether the preponderance was in favor of the plaintiff, they were to return a verdict in defendant's favor although such disputed facts were not controlling

Instruction 11 defined contributory negligence, ordinary care and proximate cause, and that told the jury that the defendant relied upon the defense of contributory negligence and unless the jury found from a preponderance of the evidence, that plaintiff was not guilty of contributory negligence, then their verdict should be not guilty. We think this instruction was substantially correct. The error pointed out in instruction 14, while but slight, can easily be remedied on a new trial of the case.

We think it would have been more accurate to insert the words "if any" after plaintiff's name in instruction 17 and while it was not a serious defect it may likewise be obviated on the retrial of the case. By instruction 18, the jury were told that the village of Western Springs required plaintiff to carry a lighted lamp on his sleigh and if they believed from the evidence that he did not do so and that such failure proximately contributed in any degree to bringing about the accident then their verdict should be for the defendant. A similar instruction was asked and given on behalf of the plaintiff and he is, therefore, in no position to complain. What we have said in disposing of the instruction with reference to the headlights we think is sufficient. The defendant was entitled to an instruction that under the evidence the plaintiff was guilty of negligence in failing to carry a lamp on his cutter, and that if this failure proximately contributed to the accident, the plaintiff could not recover. Instruction 19 we think is not subject to the objection made. Instruction 21 told the jury that if they found from the evidence that the injuries received by the plaintiff was purely an accident and not occasioned by any lack of ordinary care on the part of the defendant "immediately before and at the time of the occurrence" then the verdict should be for the defendant. We think this instruction is not subject to the objection made, but since the case must be retried, it ought not to be so framed as to limit the

time within which the defendant was required to be in the exercise of ordinary care to that immediately before the accident, because at that time he might have exercised the greatest degree of care and yet be unable to avoid the accident, nevertheless he might be liable for failure to have proper lights on his automobile. See *Novitsky v. Knickerbocker Ice Co.,* 276 Ill. 102; *Krieger v. Aurora, E. & C. R. Co.,* 242 Ill. 544. There was no serious error in giving instruction 22.

Complaint is also made by the plaintiff of the ruling of the court in refusing to admit evidence of experiments made shortly after the accident and under substantially similar conditions. The ruling of the court was not improper, as the questions did not tend to show that the experiment was made under substantially similar conditions to those that prevailed at the time of the accident.

We think the court should have admitted the testimony offered by the plaintiff as to the condition of the body of the horse. The evidence tended to show that several bones of the horse were broken by the impact. Without analysing the evidence we think it was sufficient to show that nothing had been done after the collision that would tend to break any bones in the horse and the condition of the body of the horse might indicate in some measure the speed at which the automobile was traveling.

There was no error in the ruling of the court in reference to the reading of the testimony given on a former trial by a witness who had since died. The trial was *de novo* and, of course, the trial judge was not bound by any ruling on the former hearing.

The judgment of the superior court of Cook county is reversed and the cause remanded for a new trial.

*Reversed and remanded.*

TAYLOR, P. J. and THOMSON, J. concur.