Rodger Miller, Appellee, v. Kenneth Burch, Appellant.

Gen. No. 8,009.

388

Opinion filed September 24, 1929.

WELSH & WELSH, for appellant.

HALL & DUSHER, for appellee.

Mr. Justice Jett delivered the opinion of the court.

On March 26, 1926, about one o'clock in the morning, appellant, hereinafter called defendant, driving north on Court Street, in the City of Rockford, brought his automobile to a stop on the west, or left-hand side of the center of the street, facing north, at a point between 25 and 40 feet south of the south line of Jefferson Street, which runs east and west, and with his left wheels 10 or 12 feet east of the west curb, the pavement on Court Street being about 40 feet wide. Another car, facing south, was between his car and the curb. Whether any of his lights were on is a disputed question.

While he was in that position, appellee Miller, hereinafter called plaintiff, in a Ford sedan, driving south, on the west side of the street, at a speed of 15 to 25 miles per hour, collided with defendant's car. The lights on plaintiff's car were on dim, and, according to his own testimony, did not illuminate the road more than about 3 feet in front of the car and were of no assistance to him in distinguishing objects more than that distance.

The impact was between the right front wheels or corners of the two cars and plaintiff's car was thrown onto its left side and damaged.

Plaintiff brought suit in a justice court and on appeal the plaintiff recovered a judgment in the circuit court of Winnebago county for $164.68 damages to his car.

Defendant brings the case here for review. His contentions are: First. That plaintiff was guilty of contributory negligence as a matter of law, and that the trial court should have directed a verdict in his favor. Second. The court erred in giving four designated instructions asked for by the plaintiff. Third. The court erred in refusing the first instruction asked for by the defendant.

The first question is: "Should the Court have directed a verdict for the defendant."

In contested suits to recover damages resulting from negligence, four questions naturally arise:

First. Did the conduct of the defendant amount to negligence?

Second. If yes, did the thing which caused the injury result from such negligence as a natural and usual consequence?

Third. Was plaintiff in the exercise of due care; that is, did his conduct amount to negligence?

Fourth. If plaintiff was negligent, did his negligence cause, or proximately assist in causing, the thing from which the injury resulted?

It is conceded the defendant was negligent in parking his car where he did, and it must be conceded that his negligence was aggravated if, as claimed by the plaintiff, he stood there without displaying any lights.

If we understand the defendant's position, it is that he is not liable, regardless of his own negligence, not because it is not actionable negligence, but because the plaintiff was guilty of negligence, and his negligence proximately contributed to the collision which caused his damage.

The defendant stresses the fact that plaintiff was running with lights that did not aid him in distinguishing objects more than 3 feet ahead of the car. He also asserts that the Motor Vehicle Law required plaintiff to have much stronger lights. From these facts he concludes that plaintiff was guilty of negligence as a matter of law, and avers that such negligence contributed proximately to the collision from which his damages resulted.

It is quite true that plaintiff's lights, as he used them, would only serve as a warning to persons fronting him to get out of his way, but could be of no service to him in seeing persons or objects in front of him in time to avoid striking them. So far as being any

assistance to plaintiff in that respect, they might as well have been turned entirely off. They were not out, however, for defendant says: "He (meaning plaintiff) had his headlights on. I noticed him at the intersection."

This brings us to a consideration of whether defendant's conclusion that plaintiff was guilty of negligence as a matter of law is a correct one, basing his conclusion, as he does, on the single fact that plaintiff was running with his lights on dim.

Whatever the rule in other States may be, the rule supported by the weight of authority in Illinois is that the violation of an ordinance or a statute by acts, either of commission or omission, is only prima facie evidence of negligence. *Culver v. Harris,* 211 Ill. App. 474; *United States Brewing Co. v. Stoltenberg,* 211 Ill. 531; *Commonwealth Elec. Co. v. Rose,* 214 Ill. 545; *Chicago & J. E. Ry. Co. v. Freeman,* 125 Ill. App. 318; *Grayhek v. Stern,* 154 Ill. App. 385.

We are aware that in a number of cases in Illinois, and among them the case of *Johnson v. Gustafson,* 233 Ill. App. 216, cited and relied on by defendant, the statement will be found that the violation of a statute or ordinance is negligence as a matter of law.

In most of the cases examined, the decision was not based on the statement that plaintiff was guilty of negligence as a matter of law, nor was it necessary to the decision.

In the *Gustafson* case, *supra,* the third syllabus reads: "One who was driving a horse and cutter without a lighted lamp thereon as required by the village ordinance was negligent as matter of law."

The statement in the syllabus is not accurate.

The language of the court is: "Violation of an ordinance or of a statute is usually evidence of negligence, and in this case both parties were negligent as a matter of fact and as a matter of law."

The court in the case of *Moyer v. Vaughan's Feed Store*, 242 Ill. App. 308, on page 312, says: "Of course there may be situations where it may be negligence as a matter of law, for one to drive an automobile along a public highway in the nighttime at such speed that it cannot be stopped within the distance that objects can be seen ahead of it. The test in such cases is, would all reasonable minds reach the conclusion that the conduct of the driver of the automobile was violative of rational standards of conduct applicable to persons in similar situations," citing *Kelly v. Chicago City Ry. Co.*, 283 Ill. 640, in which case, on page 644, the court says: "It is also true that the question as to whether or not a person, as a matter of law, is guilty of such negligence in a given case as will bar him of his right of action, depends upon the particular facts and circumstances of each case."

The expressions running through the cases, when the court is considering the effect of the violation of a statute by a plaintiff in a suit for damages alleged to be caused by negligence of defendant, are that such violation is "Prima facie evidence of negligence" or that such violation is "usually evidence of negligence."

The conclusion follows that the violation of a statute or ordinance is only one of the facts and circumstances to be considered in order to determine whether the plaintiff is guilty of negligence. Other things that might be considered in this case, along with the violation of the statute, are: (1) whether plaintiff should have apprehended the danger.

"If a person has no reason to suspect danger, he is not required to look for it." *Mellish v. Thorne*, 150 Ill. App. 237.

"It is a sound rule of law that it is not contributory negligence not to look out for danger when there is no reason to apprehend any," . . . the rule being that "every one has a right to presume that others owing a special duty to guard against danger will per-

form that duty.'' . . . It may be that if there was evidence tending to show appellee (plaintiff) had reason to apprehend such danger, the question of fact might properly be submitted to a jury.''

The above quotation, from opinion in *Chicago Tel. Co. v. Commercial Union Assur. Co., Ltd.,* 131 Ill. App. 248–255–256.

In this connection the language of the court in the *Moyer* case, 242 Ill. App., at pages 312–313, is significant. ''The night was dark and misty. The plaintiff was driving along a country road where standing vehicles were not to be expected. There is evidence to the effect that there was no rear light on the truck; that the color of the truck and its load blended with the coloring of the surface of the road. These, and many other circumstances which might be alluded to, show that all reasonable minds would not reach the conclusion that the driver of plaintiff's automobile was acting as no rational person would act under like circumstances, and therefore, the question to be determined was one of fact and not law.''

Applying the above to the instant case, plaintiff was driving along a street at an hour and at a place where standing vehicles were not to be expected, on the path he was supposed to be, and in which he was driving. There is evidence that there were no lights on defendant's car. There was a light at the intersection, but the street was dark near defendant's car. These, and other circumstances heretofore mentioned, and that might be mentioned, persuade us that all reasonable minds would not agree that the conduct of plaintiff constituted negligence. So the question of negligence should be treated as one of fact for the jury.

(2) Whether the place where plaintiff was driving, and had a right to drive, was a safe place to drive with such dim lights, but for the negligence of the defendant in being where he had no right to be.

(3) In short, whether under all the conditions and circumstances surrounding plaintiff as he proceeded south on Court Street, his conduct was "So violative of all rational standards of conduct applicable to persons in a like situation" that all reasonable minds would conclude that he was negligent. If it was not, then, although he may have been negligent as a matter of fact, he could not properly be said to be negligent as a matter of law. Hence the jury was properly permitted to pass on that question of fact, and if the jury had a basis in the evidence for finding that the conduct of the plaintiff did not constitute negligence then, in such case, no one would contend there could be such a thing as negligent contribution to the cause of the injury, negligence of plaintiff having been eliminated.

On the other hand, should the jury find the conduct of plaintiff did amount to negligence, it would still have to find whether that negligence proximately contributed to the collision which caused the damages.

In *Johnson v. Gustafson, supra;* after finding plaintiff was guilty of negligence as a matter of fact and as a matter of law, the court at page 224 says: "Whether his negligence proximately contributed to the accident, was a question of fact for the jury," supporting that statement by citing *Lerette v. Director General of Railroads,* 306 Ill. 348, and *Heiting v. Chicago, R. I. & P. Ry. Co.,* 252 Ill. 466, and quoting from the *Lerette* case, page 352: "Violation of a law at the time of an accident by one connected with it is usually evidence of negligence, but there remains a question of fact whether the illegal act is the proximate cause of the injury. The mere fact that plaintiff was violating the law at the time he was injured ought not to bar his right to recover any more than the fact that the defendant was violating a law at the time plaintiff was injured, ought to conclusively establish plaintiff's right to recover."

In the *Heiting* case the defendant had failed to fence its track as required by ordinance. A boy went upon

its property and was injured by a passing train. It was held that "whether the failure to build the fence was the proximate cause of the injury was a question of fact for the jury."

The defendant says: "Where the facts are undisputed and all reasonable minds would reach the same conclusion from them, the question of what is the proximate cause of the injury is one of law for the court to determine." He cites a number of cases in support thereof.

Under the facts in each case cited, with one exception, it was held the question of proximate cause was for the jury. In the other case it is quite evident the rule was not applied.

The following cases furnish further support for the position that the violation of a statute or ordinance will not defeat a recovery unless the violation, considered in connection with all the other facts and circumstances surrounding the case, establishes, first, that plaintiff was negligent, and second, that such negligence proximately contributed to the injury. They also furnish illustrations of when each of these questions are for the jury. We refer to the cases of: *Star Brewery Co. v. Hauck,* 222 Ill. 348; *Kenyon v. Chicago City Ry. Co.,* 235 Ill. 406; *Graham v. Hagmann,* 270 Ill. 252; *Jeneary v. Chicago & I. Traction Co.,* 306 Ill. 392; *Moyer v. Shaw Livery Co.,* 205 Ill. App. 273; *Foglesong v. Peoria R. T. Co.,* 203 Ill. App. 546; *Marx v. Chicago Daily News Co.,* 194 Ill. App. 322; *Johnson v. Gustafson,* 233 Ill. App. 216.

In the case at bar we hold it was proper for the court to submit to the jury, as it did, the question of plaintiff's negligence, as well as the question of proximate cause.

The next contention of the defendant that the court erred in giving the third, fourth, fifth, and sixth instructions offered by plaintiff, we hold to be without merit.

These instructions state correct principles of law and the court did not err in giving them. The last contention argued by defendant is that the court erred in refusing his first instruction.

This instruction consists of three parts, each part containing a separate proposition, as follows:

"(1) The statute of Illinois, requiring motor vehicles to be equipped with headlights, visible at least 200 feet in the direction in which said vehicle is proceeding, is intended to provide for a light for the guidance and benefit of the person driving the automobile, as well as for the protection of others who use the highway."

That proposition finds support in the *Gustafson* case, 233 Ill. App. 216. There the court, after reviewing a number of cases from other States, reaches this conclusion:

"In the instant case we are of the opinion that the statute requiring white lights visible at least 200 feet in the direction in which an automobile is proceeding is for the benefit not only of those who are using the highway ahead of the car, but, also, to enable those in driving the car to avoid accidents."

The first part of the instruction is almost an exact copy of the court's language in that case. It will be noted that no prior Illinois case is cited as supporting the opinion expressed, and a careful search discloses but one subsequent case, *Sugru v. Highland Park Yellow Cab Co.*, 251 Ill. App. 99, in which it is held that: "The provisions of the statute are for the benefit not only of those who are using the highway ahead of the car, but also to enable those in driving the car to avoid accidents," citing *Johnson v. Gustafson*, 233 Ill. App. 216, and we think it can be safely said that no Illinois case has gone any further in construing this statute.

(2) The second part of the instruction is: "If you believe from the evidence that plaintiff's car was being

driven by the plaintiff with the dimmer lights on, so that he could see less than two hundred feet in the direction in which he was driving, then he is guilty of negligence.''

We do not think our courts have, in any case, construed our statute as meaning the lights shall so illuminate the road that the driver ''could see at least two hundred feet in the direction in which he was driving,'' nor do we think they have ever held that the failure to have such lights or to so use them, if he has them, of itself alone, constitutes negligence, so that the proof of that fact alone is sufficient to establish negligence.

The statute requires a driver to dim or extinguish his lights when within not less than 250 feet of a car approaching the opposite direction. We think the instruction was wrong in assuming negligence from the facts stated.

(3) The third part of the instruction is: ''And if you further believe from the evidence that this act of negligence by the plaintiff contributed in any way to cause his damage, then he is barred from recovery in this case.''

This is wrong. Negligence which contributes to cause the damage complained of must proximately contribute in order to bar recovery. The instruction was properly refused.

For the foregoing reasons we do not feel justified in disturbing the judgment of the circuit court, and it is accordingly affirmed.

*Judgment affirmed.*