David Skamenca, Appellee, v. H. C. Reeser, Appellant.

Opinion filed March 9, 1938.

TERRY, GUELTIG & POWELL, of Edwardsville, for appellant.

BURROUGHS, SIMPSON & REED, of Edwardsville, for appellee.

MR. JUSTICE MURPHY delivered the opinion of the court.

The plaintiff, David Skamenca, brought this suit against the defendant, H. C. Reeser, to recover damages for personal injuries received in an automobile collision. The case was tried with a jury resulting in a verdict for the defendant. On plaintiff's motion, the court set the verdict aside and granted a new trial. By leave of this court defendant has perfected an appeal from that order. The record shows that the court stated the only reason for granting a new trial was error in the instructions given at the request of the defendant.

Plaintiff also contends that the court erred in directing a verdict for the defendant on the charge of wilful and wanton negligence.

The evidence shows that plaintiff was driving his automobile in a northerly direction on U. S. highway No. 66 about 2 a. m., January 20, 1935, he testified that he was driving on his right-hand side of the center of the pavement, that he was traveling 28 to 30 miles per hour, that it was foggy and damp, that he was driving with his dim lights on, that with the dim lights he could see in the fog 50 to 60 feet ahead, that under normal atmospheric conditions he could have seen 150 to 200 feet in the direction he was driving.

The evidence also shows that the defendant was driving in a southerly direction and he testified that it was very foggy, that he was driving about 25 miles per hour on his right-hand side of the road with his bright lights deflected and that he could see ahead 50 to 75 feet and in normal atmospheric conditions he could have seen 200 feet.

Instruction number 5 given at the request of the defendant, told the jury that the law of this State at the time of the collision required every motor vehicle when driven upon any public highway in this State during

the period of one hour after sunset to sunrise, to carry two lighted lamps showing white lights, enabling the driver to see objects at least 200 feet in the direction toward which such motor vehicle is proceeding and if they believed from the evidence that plaintiff was driving without such lights and that his failure in that regard proximately caused or contributed to the collision then they should find the defendant not guilty.

Section 16 of the Motor Vehicle Act [Cahill's Ill. St. 1933, ch. 95a, ¶ 17; Smith-Hurd 1933, ch. 121, § 217] provides that every motor vehicle when upon any public highway during the period one hour after sunset to sunrise shall have two lighted lamps visible at least 200 feet in the direction toward which it was proceeding.

It has been held that this statutory provision requiring headlights visible at least 200 feet in the direction toward which the vehicle is proceeding is intended to provide lights for the guidance and benefit of the person driving as well as for the protection of others who use the highway. *Miller v. Burch*, 254 Ill. App. 387; *Johnson v. Gustafson*, 233 Ill. App. 216.

The instruction in effect directed a verdict for the defendant if they found that plaintiff's failure to have lights as described was the proximate cause of the injury for the evidence was conclusive that plaintiff's lights would not penetrate the fog and enable him to see 200 feet ahead.

Failure to have lights of sufficient power to enable a driver to see objects ahead, may under certain conditions be negligence as a matter of law, but the courts of this State have held that under certain conditions it is a question of fact for the jury.

In *Moyer v. Vaughan's Seed Store*, 242 Ill. App. 308, the accident occurred in the nighttime when it was raining and plaintiff was unable to see more than 20 feet ahead. He crashed into a truck which was having trouble with its lights and had stopped partly on the

pavement. The court said, "In the instant case we think it cannot reasonably be said that the driver of plaintiff's automobile was guilty of negligence as a matter of law. The night was dark and misty. The plaintiff was driving along a country road where standing vehicles were not to be expected. There is evidence to the effect that there was no rear light on the truck, that the color of the truck and its load blended with the coloring of the surface of the road. These, and many other circumstances which might be alluded to, show that all reasonable minds would not reach the conclusion that the driver of plaintiff's automobile was acting as no rational person would act under like circumstances, and, therefore, the question to be determined was one of fact and not law."

In *Miller v. Burch,* 254 Ill. App. 387, the accident occurred in the nighttime. Plaintiff's lights were on dim and did not illuminate the road more than 3 feet in front of the car and were of no assistance to him in distinguishing objects more than that distance. His automobile crashed into defendant's automobile standing on the wrong side of the road in the traffic lane where plaintiff was driving and had a right to be. The court said, "Applying the above to the instant case, plaintiff was driving along a street at an hour and at a place where standing vehicles were not to be expected, on the path he was supposed to be, and in which he was driving. There is evidence that there were no lights on defendant's car. There was a light at the intersection, but the street was dark near defendant's car. These, and other circumstances heretofore mentioned, and that might be mentioned, persuade us that all reasonable minds would not agree that the conduct of plaintiff constituted negligence. So the question of negligence should be treated as one of fact for the jury."

Plaintiff testified that defendant was driving without lights and that when he first saw defendant's car it was 60 feet ahead of him coming towards him in plaintiff's traffic lane, that he did not have time to stop his car and that he swerved his car to his left endeavoring to avoid a collision. He says defendant turned his lights on, the instant he first saw defendant's automobile. There is a conflict in the evidence as to where defendant was driving and as to whether his car had lights.

Owing to the density of the fog, the circumstances mentioned and the conflict in the evidence we are satisfied that all reasonable minds would not agree that the failure of the plaintiff to have lights of sufficient brilliancy to penetrate the fog and enable him to see 200 feet ahead constituted negligence.

At any rate the instruction was broader in its requirements as to light than that prescribed by the statute and as pointed out it was not in accord with the rules announced in the cases cited.

Defendant's instruction number 6 told the jury that the driver of any motor vehicle on the public highway is required to keep a proper lookout for other cars on the highway in order to see the same in time to stop or slacken speed and thus avoid a collision and failure to do so constitutes negligence and if they found from the evidence that plaintiff failed to keep a proper look out for other cars and by reason thereof was negligent and such negligence contributed to cause the collision, their verdict should be in favor of the defendant.

By this instruction the jury were told that the plaintiff must keep a lookout for other cars on the highway and then directed that his lookout must be such that if another car was on the highway he must see it when it was such distance from him that he would still have time to stop or slacken his speed and avoid a collision and that failure to do so constituted negligence.

The rule embodied in this instruction is akin to the principles announced in *Lauson v. Town of Fond du Lac,* 141 Wis. 57, and cases in other jurisdictions where it is held that it is negligence as a matter of law to drive an automobile along a public highway in the dark at such a speed that it cannot be stopped within the distance that objects can be seen ahead of it. In the *Moyer* case, *supra,* the Appellate Court of the first district declined to follow those cases and held under the facts of that case the question of contributory negligence of the plaintiff was one of fact and not of law. To the same effect is *Miller v. Burch, supra.*

It is well settled that one driving an automobile upon the public highway must be on the lookout for other cars and must use every reasonable precaution he can to avoid collision but under the circumstances surrounding the collision in this case it was for the jury to say what kind of a lookout would be required of the plaintiff to avoid being guilty of contributory negligence.

The seventh instruction told the jury that to determine the credibility of the witnesses and the preponderance of the evidence they should take into consideration the interest of the witnesses in the result of the suit and the number of witnesses testifying to a particular fact. The number of witnesses testifying to a particular fact is a proper element for a jury to take into consideration but there are other elements worthy of equal consideration and which are generally included in this character of instruction. In this case where plaintiff was the only eyewitness who testified for him to the facts surrounding the collision while defendant and his guest testified on the defense we are of the opinion that the instruction is subject to the criticism that it stresses the element of the number of witnesses and does not mention other elements which

should be considered by the jury in determining the weight and preponderance of the evidence. It was prejudicial error to give the fifth, sixth and seventh instruction.

In plaintiff's motion for a new trial he urged that the court erred in directing a verdict for the defendant on the charge of wilful and wanton negligence and while the court granted a new trial, it was not on that ground, however plaintiff urges it here and since the case will stand for another trial we will consider it.

Plaintiff predicates his contention on the fact that his evidence is that defendant was driving on the wrong side of the road without lights.

The rule is that in passing upon a motion to direct a verdict, if, when all the evidence is considered, with all reasonable inferences drawn from it in its aspects most favorable to the party against whom the motion is directed, there is a total failure to prove one or more necessary elements of the case, the motion should be allowed. *Streeter v. Humrichouse,* 357 Ill. 234.

In *Chicago City Ry. Co. v. Jordan,* 215 Ill. 390, it was said, "Where there is a particular intention to injure or a degree of wilful or wanton recklessness which authorizes a presumption of an intention to injure generally, the act ceases to be merely negligent and becomes wilful or wanton. In such a case there may be an actual intent to injure, or such a conscious or intentional disregard of the rights of others as to warrant a conclusion that an injury was intended."

In *Bernier v Illinois Cent. R. Co.,* 296 Ill. 464, the court said, "Whether an act is wilful or wanton is greatly dependent upon the particular circumstances of each case. Where the omission to exercise care is so gross that it shows a lack of regard for the safety of others it will justify the presumption of wilfulness or wantonness."

In *Murphy v. King,* 284 Ill. App. 74, it was said, ''A conscious indifference to consequences which is shown by an intentional disregard of a known duty necessary to the safety of the person or property of another would come within the definition of wilful and wanton negligence.''

Throughout this record the density of the fog has been stressed and defendant driving under such conditions was charged with knowing that the duty rested upon him to drive on his right side of the road and to have his headlights burning. Taking plaintiff's evidence on this point as true, as we must on this motion, it tended to show a conscious indifference to the consequences that might follow from his disregard of the duty that rested upon him to drive on the right side of the road and have his lights burning.

Plaintiff's evidence on this point contained the essential elements of wilful and wanton negligence and the same should have been submitted to the jury.

The order granting a new trial is affirmed and the cause is remanded for a new trial.

*Affirmed and remanded.*